PETROFF v PETROFF

Docket No. 77-3959. Submitted November 1, 1978, at Lansing.—Decided January 3, 1979.

Margaret J. Petroff commenced an action against Nicholas A. Petroff for separate maintenance. The defendant filed a counter-complaint seeking a divorce. The Jackson Circuit Court, Gordon W. Britten, J., on the defendant's motion, entered a default judgment of divorce. The plaintiff's motion to set aside the default judgment was denied. Plaintiff appeals. *Held:*

The plaintiff was not given the seven day notice, as required by the court rules, prior to the hearing on the defendant's application for the default judgment. The trial court's order denying the plaintiff's motion to set aside the default judgment is reversed and the default judgment of divorce is vacated for failure to comply with the court rule on the required notice.

Reversed.

1. Judgment — Default Judgment — Setting Aside Default — Meritorious Defense — Court Rules.

Ordinarily it is incumbent upon a party moving to set aside a default judgment to show good cause and to file an affidavit of facts showing a meritorious defense where no question of jurisdiction is raised in the proceeding (GCR 1963, 520.4).

2. Judgment — Default Judgment — Setting Aside Default — Notice — Due Process — Meritorious Defense — Court Rules.

A party seeking to enter a default judgment must comply with the notice requirement of the court rules because constitutional due process requires notice so that an opposing party is provided an opportunity to attend and present a claim or defense; where the notice requirement is not complied with, a party seeking to set aside the default is not required to show a meritorious defense in addition to good cause; the failure of the party seeking the entry of the default to give the required

REFERENCES FOR POINTS IN HEADNOTES
[1] 46 Am Jur 2d, Judgments §§ 739, 740, 776.
[2] 47 Am Jur 2d, Judgments §§ 1178, 1179.

notice invalidates the judgment and it should be vacated (GCR 1963, 520.2[2]).

*George J. Brannick,* for plaintiff.

*Rappleye, Wilkins & Kobrin,* for defendant.

Before: M. J. Kelly, P.J., and J. H. Gillis and M. F. Cavanagh, JJ.

Per Curiam. The plaintiff appeals as of right from trial court orders denying her motion to set aside a default judgment of divorce.

The record indicates that on July 15, 1977, defense counsel filed a statement of default; a *pro confesso* hearing, at which only the defendant testified, was held on that date. The judgment of divorce was also entered on July 15, 1977.

The defendant clearly did not comply with GCR 1963, 520.2(2), which provides in relevant part:

"Judgment by default may be entered as follows:

\* \* \*

"(2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; \* \* \* . If the party against whom judgment by default is sought has appeared in the action, he \* \* \* shall be served with written notice of the application for judgment at least 7 days prior to the hearing on such application."

Ordinarily, where no question of jurisdiction is raised in the proceedings, it is incumbent upon the party moving to set aside the default judgment to show good cause and to file an affidavit of facts showing a meritorious defense. GCR 1963, 520.4; *Mission Investment Co v Perfect Totalisator Corp,* 51 Mich App 376; 214 NW2d 898 (1974).

In the case at bar, the trial court correctly ruled

that the failure of the defendant to provide plaintiff with the seven days notice of application for default, as required by GCR 1963, 520.2(2), was a substantial defect in the proceedings satisfying the "good cause" requirement of GCR 1963, 520.4. However, the court further ruled that the plaintiff's affidavits failed to demonstrate that she had a meritorious defense because she had failed to present any evidence that the property division was inequitable or fraudulent.

We are unable to address the question of whether or not plaintiff had a meritorious defense. Although the fairness of the property division was vigorously contested at oral argument, we have no record of the contested equities to review. We note only that the parties' claims as to the value of their respective shares are widely disparate, and that a default judgment is a particularly unsatisfactory method of resolving disputes as to property divisions.

We turn to plaintiff's allegation that the failure to comply with the notice provisions of GCR 1963, 520.2(2) constitutes "good cause" sufficient, by itself, to warrant setting aside a default judgment. GCR 1963, 520.4 makes it eminently clear that a party moving to set aside a judgment of default must demonstrate both good cause *and* a meritorious defense. However, the cases which deal with violations of GCR 1963, 520.2(2) do not, for the most part, require that the party moving to set aside default judgment show a meritorious defense in addition to good cause. See *Rhodes v Rhodes,* 3 Mich App 396; 142 NW2d 508 (1966) *(dictum), Advance Dry Wall Co v Wolfe-Gilchrist, Inc,* 14 Mich App 706; 165 NW2d 906 (1968), *Lawrence v Cook,* 36 Mich App 156; 193 NW2d 321 (1971), and *Harrison v VMC Building Corp,* 71 Mich App 458; 248 NW2d 584 (1976).

When asserting the failure to give the seven days notice required by GCR 1963, 520.2(2) as the ground for a motion to set aside a default judgment, a party need not file an affidavit of facts showing a meritorious defense. We hold that constitutional due process requires notice so that an opportunity is provided to attend and present a claim or defense. We think that GCR 1963, 520.2(2) is an expression of a fundamental concept of law. It is patently unfair to compel a party to demonstrate a meritorious defense in order to get a default judgment set aside when the manner in which the default judgment was entered constituted a denial of due process. A party is entitled to due process regardless of the merits of his claim or defense.

We hold that the notice provision of GCR 1963, 520.2(2) is mandatory and that the failure of the defendant in the instant case to give the required notice invalidates the judgment and requires it to be vacated. *Harrison v VMC Building Corp, supra,* at 461.

The trial court's order denying the plaintiff's motion to set aside the default judgment is reversed. The judgment is vacated for failure to comply with GCR 1963, 520.2(2). Costs to appellant.