PERRY v PERRY

Docket No. 102294. Submitted February 22, 1989, at Detroit. Decided May 1, 1989.

Plaintiff, Dawn Marie Perry, filed a complaint for divorce against defendant, Matthew James Perry, in Lapeer Circuit Court. No appearance was filed on behalf of defendant. A default was filed on September 15, 1986, and proof of service of the default on defendant was filed on September 25, 1986. On December 20, 1986, plaintiff told defendant that a default judgment of divorce would be taken on December 22, 1986. Defendant received no prior written notice. A default judgment of divorce was entered on December 22, 1986. A notice of entry of default judgment and proof of service was filed and mailed to defendant on December 29, 1986. On January 8, 1987, defendant filed a motion to set aside the property settlement portion of the default judgment on the ground that he did not receive the proper required notice of the hearing of default judgment. The court, Norman A. Baguley, J., denied the motion, finding that defendant filed his motion more than twenty-one days after the entry of the default, that defendant was required to show good cause and submit an affidavit of facts showing a meritorious defense in order to set aside a default judgment, that defendant had not shown good cause and had submitted no affidavit, and that defendant received all the notice he was entitled to and had sat on his rights. Defendant appealed by leave granted.

The Court of Appeals *held:*

1. The trial court erred in stating that defendant had failed to timely file his motion under MCR 2.603. Defendant's motion was filed within twenty-one days after the entry of the default judgment and therefore was timely.

2. The court erred in its determination that defendant failed to show good cause to set aside the default judgment. The default judgment contained provisions different in kind and amount from the relief demanded in the pleading. Defendant,

REFERENCES

Am Jur 2d, Judgments §§ 770 *et seq.*, 1152 *et seq.*.

Appealability of order setting aside, or refusing to set aside, default judgment. 8 ALR3d 1272.

even though in default, was entitled to participate in the adjudication of the property distribution and was entitled to notice at least seven days prior to the entry of default judgment. The notice provision of MCR 2.603(B) is mandatory and was not followed in this case. Plaintiff's verbal communication two days before the default judgment was not sufficient or proper notice. Where there is noncompliance with the notice provisions, the requirements of MCR 2.603(D) need not be followed in order for the defaulted party to prevail in its efforts to set aside a default judgment. The decision of the court is reversed insofar as it refused to set aside the property settlement provisions of the default judgment of divorce and the matter is remanded for a hearing to determine a property settlement.

Reversed and remanded.

1. JUDGMENTS — DEFAULT JUDGMENTS — SETTING ASIDE DEFAULT JUDGMENTS.

A party has twenty-one days after the entry of a default judgment to move to set it aside; after the twenty-one-day time period, a default judgment may only be set aside if good cause is shown, an affidavit of facts showing a meritorious defense is filed, and the requirements of MCR 2.612 are met (MCR 2.603).

2. JUDGMENTS — DEFAULT — NOTICE — COURT RULES.

A party, against whom a default has been entered for his failure to answer a complaint which did not state a specific amount of damages demanded, must be served with notice of any hearing or trial at which the amount of damages will be determined at least seven days before such hearing or trial (MCR 2.603[B][1][b]).

3. JUDGMENTS — DEFAULT — DEFAULT JUDGMENTS.

A default operates as an admission by the defaulting party of issues of liability, but leaves the issues of damages unresolved until entry of judgment; a default judgment reduces the default to a judgment for money damages; once a valid default is taken the defaulting party remains entitled to full participatory rights in any hearing necessary for the adjudication of damages.

4. JUDGMENTS — DEFAULT JUDGMENTS — SETTING ASIDE DEFAULT JUDGMENTS — APPEAL.

The decision to set aside a default judgment is a decision within the sound discretion of the trial court and will not be reversed on appeal absent a clear abuse of discretion.

5. JUDGMENTS — DEFAULT JUDGMENTS — MOTION TO SET ASIDE DE-
  FAULT — COURT RULES.

  A default may be set aside only when three conditions are all
  fulfilled: (1) good cause for failure to make timely response
  must be shown, (2) a meritorious defense must be established,
  and (3) the showing of meritorious defense must be based on an
  affidavit of facts; whether these three conditions are fulfilled is
  a matter within the discretion of the trial judge.

6. APPEAL — DEFAULT JUDGMENTS — GOOD CAUSE.

  Good cause sufficient to warrant setting aside a default judgment
  includes: (1) a substantial defect or irregularity in the proceed-
  ings upon which the default was based; (2) a reasonable excuse
  for failure to comply with requirements that created the de-
  fault; or (3) some other reason showing that manifest injustice
  would result if the default judgment were allowed to stand;
  good cause and an affidavit of facts showing a meritorious
  defense are required before a default may be set aside for good
  cause.

7. JUDGMENTS — DEFAULT JUDGMENTS — SETTING ASIDE DEFAULT
  JUDGMENTS — COURT RULES.

  A party seeking to enter a default judgment must comply with
  the notice requirement of the court rules because constitutional
  due process requires notice so that an opposing party is pro-
  vided an opportunity to attend and present a claim or defense;
  where the notice requirement is not complied with, a party
  seeking to set aside the default judgment is not required to
  show a meritorious defense in addition to good cause; the
  failure of the party seeking the entry of the default judgment
  to give the required notice invalidates the judgment and it
  should be vacated (MCR 2.603[B][1]).

*Sullivan, Stauch & Mohl* (by *George J. Stauch, Jr.*), for defendant.

Before: MICHAEL J. KELLY, P.J., and DOCTOROFF and CAVANAGH, JJ.

DOCTOROFF, J. Defendant appeals by leave granted from the trial court's denial of his motion to set aside the property settlement portion of the default judgment of divorce. We reverse.

Plaintiff filed a complaint for divorce on August

21, 1986. No appearance was filed in behalf of defendant. A default was filed on September 15, 1986, and proof of service of the default on defendant was filed on September 25, 1986.

On December 20, 1986, plaintiff told defendant that a default judgment of divorce would be taken on December 22, 1986. Defendant received no prior written notice. A default judgment of divorce was entered on December 22, 1986.

A notice of entry of default judgment and proof of service was filed and mailed to defendant on December 29, 1986. On January 8, 1987, defendant filed a motion to set aside the property settlement portion of the default judgment pursuant to MCR 2.603(B)(1)(a)(ii), alleging that defendant did not receive the proper required notice of the hearing of default judgment. A hearing on defendant's motion was held on January 26, 1987.

The court held that defendant had failed to comply with MCR 2.603(D)(2) because he filed his motion more than twenty-one days after the entry of the default. The court further held that MCR 2.603(D)(1) was controlling and, according to that rule, defendant was required to show good cause and submit an affidavit of facts showing a meritorious defense in order to set aside a default judgment. The court found that defendant did not show good cause and had submitted no affidavit. The court opined that defendant "was given all the notice that he was entitled to" and he sat on his rights. For the above reasons, the court denied defendant's motion to set aside the property settlement portion of the default judgment.

First, the trial court erred in stating that defendant had failed to timely file his motion under MCR 2.603(D)(2), which states:

Except as provided in MCR 2.612, if personal

service was made on the party against whom the default was taken, the default, and default judgment if one has been entered, may only be set aside if the motion is filed

(a) before entry of judgment, or

(b) if judgment has been entered, within 21 days after the default was entered.

The default judgment was entered on December 22, 1986. Defendant filed his motion to set aside the property provisions of the default judgment of divorce seventeen days later, on January 8, 1987. We agree with the interpretation of the court rules concerning the time provisions for filing a motion to set aside a default judgment as stated in Martin, Dean & Webster, Michigan Court Rules Practice, Rule 2.603, pp 384-385. The authors state, in pertinent part:

After the entry of the default judgment, a party has 21 days to move to set it aside under the provisions of MCR 2.603. After that 21 day time period, a default judgment may only be set aside if good cause is shown, an affidavit of facts showing a meritorious defense is filed, and the requirements of MCR 2.612 met. See *Yenglin v Mazur,* 121 Mich App 218; 328 NW2d 624 (1982).

Thus, because defendant's motion was filed within twenty-one days after the entry of the default judgment, his motion was timely under MCR 2.603. Defendant's motion was timely filed.

Second, we conclude that the trial court erred in its determination that defendant failed to show good cause to set aside the default judgment. MCR 2.603(B)(1) provides, in pertinent part:

(1) *Notice of Request for Judgment.*

(a) A party seeking a default judgment must

give notice of the request for judgment to the defaulted party

(i) if the party against whom the judgment is sought has appeared in the action;

(ii) if the request for entry of judgment seeks relief different in kind from, or greater in amount than, that stated in the pleadings; or

(iii) if the pleadings do not state a specific amount demanded.

(b) The notice required by this subrule must be served at least 7 days before entry of the requested judgment.

MCR 2.601(B) provides:

(B) Default Judgment. A judgment by default may not be different in kind from, nor exceed in amount, the relief demanded in the pleading, unless notice has been given pursuant to MCR 2.603(B)(1).

The purpose of the notice requirement is to apprise the defaulting party of the possibility of entry of judgment so that he may have an opportunity to participate in any hearing necessary to ascertain the amount of damages or other form of remedy to be granted. *Dollar Rent-A-Car Systems v Nodel Construction,* 172 Mich App 738, 743; 432 NW2d 423 (1988). This purpose is premised on the distinction between the entry of default and the entry of judgment. The former operates as an admission by the defaulting party that there are no issues of liability, but leaves the issues of damages unresolved until entry of judgment. *Wood v DAIIE,* 413 Mich 573, 578; 321 NW2d 653 (1982). The latter reduces the default to a judgment for money damages. Once a valid default is taken, the defaulting party remains entitled to full participatory rights in any hearing necessary for the adjudication of damages. *Wood,* pp 583-585; *Dollar*

*Rent-A-Car, supra.* See also *White v Sadler,* 350 Mich 511, 517-519; 87 NW2d 192 (1957).

Plaintiff's complaint for divorce prayed that the court "decree an equitable division of property and debts of the parties hereto." This prayer does not state a specific amount demanded. However, the default judgment contains specific provisions for the division of property and the monetary and legal responsibilities of the parties. Thus, because the default judgment contained provisions different in kind and amount from the relief demanded in the pleading, defendant, even though in default, was entitled to participate in the adjudication of the property distribution and, under the above-cited rules, was entitled to notice at least seven days prior to the entry of default judgment.

In his motion, defendant argued that MCR 2.603(B)(1)(a)(ii) had been violated because defendant had not received notice of the request for a default judgment where the request sought relief different in kind or greater in amount than that stated in the pleadings. Defendant did not file an affidavit of facts showing a meritorious defense with his motion to set aside the default judgment. In denying defendant's motion to set aside the default judgment, the court held that defendant failed to file an affidavit or show good cause in compliance with MCR 2.603(D)(1), which states:

A motion to set aside a default or a default judgment, except when grounded on lack of jurisdiction over the defendant, shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed.

The decision whether to set aside a default judgment is a decision within the sound discretion of the trial court and will not be reversed on

appeal absent a clear abuse of discretion. *Ferguson v Delaware International Speedway,* 164 Mich App 283, 294; 416 NW2d 415 (1987). A default may be set aside only when three conditions are fulfilled. First, good cause for failure to make timely response must be shown. Second, a meritorious defense must be established. Third, the showing of a meritorious defense must be based on an affidavit of facts. Whether these three conditions are fulfilled is within the discretion of the trial court. *Novi Construction, Inc v Triangle Excavating Co,* 102 Mich App 586, 589; 302 NW2d 244 (1980). Good cause sufficient to warrant setting aside a default judgment includes (1) a substantial defect or irregularity in the proceeding upon which the default was based, (2) a reasonable excuse for failure to comply with the requirements that created the default, or (3) some other reason showing that manifest injustice would result if the default judgment were allowed to stand. *Ferguson, supra,* p 295; *Reed v Walsh,* 170 Mich App 61, 64; 427 NW2d 588 (1988). An affidavit of facts showing a meritorious defense must be filed before a default judgment may be set aside for good cause. Good cause and the affidavit are required because the policy of this state is generally against setting aside defaults and default judgments that have been properly entered. *Ferguson, supra,* p 295.

An exception to the above-stated requirements was declared in *Petroff v Petroff,* 88 Mich App 18, 20; 276 NW2d 503 (1979), where this Court found that failure to give notice as required by GCR 1963, 520.2(2), now MCR 2.603(B)(1), met the "good cause" requirement of GCR 1963, 520.4, now MCR 2.603(D). The *Petroff* Court stated that ordinarily, where no question of jurisdiction is raised, it is incumbent upon the party moving to set aside the default judgment to show good cause and file an

affidavit of fact showing a meritorious defense. *Id.,* p 19. However, the Court went on to state:

> When asserting the failure to give the seven days notice required by GCR 1963, 520.2(2) [now MCR 2.603(B)] as the ground for a motion to set aside a default judgment, a party need not file an affidavit of facts showing a meritorious defense. We hold that constitutional due process requires notice so that an opportunity is provided to attend and present a claim or defense. We think that GCR 1963, 520.2(2) is an expression of a fundamental concept of law. It is patently unfair to compel a party to demonstrate a meritorious defense in order to get a default judgment set aside when the manner in which the default judgment was entered constituted a denial of due process. A party is entitled to due process regardless of the merits of his claim or defense.
>
> We hold that the notice provision of GCR 1963, 520.2(2) is mandatory and that the failure of the defendant in the instant case to give the required notice invalidates the judgment and requires it to be vacated. [*Id.,* p 21. Citation omitted.]

In *Vaillencourt v Vaillencourt,* 93 Mich App 344, 350; 287 NW2d 230 (1979), lv den 408 Mich 860 (1980), we again held that GCR 1963, 520.2(2), now MCR 2.603(B), expresses a fundamental concept of due process and its observation is mandatory. Failure to give the required notice invalidates the judgment and requires that it be vacated.

We follow *Petroff* and *Vaillencourt* in concluding that, because the notice provision of MCR 2.603(B) is mandatory, when there is noncompliance with this rule the requirements of MCR 2.603(D) need not be followed in order for the defaulted party to prevail in its efforts to set aside a default judgment.

Defendant was entitled to notice of the request for entry of the default judgment of divorce. Plaintiff's verbal communication two days before the default judgment was not sufficient or proper notice. Thus, the trial court abused its discretion in denying defendant's motion to set aside the property provisions of the default judgment of divorce. We reverse the decision of the trial court insofar as it refused to set aside the property settlement provisions of the default judgment of divorce and remand for a hearing to determine a property settlement.

Reversed and remanded. We do not retain jurisdiction.