# STATE OF MICHIGAN

# COURT OF APPEALS

BROOKS WILLIAMSON AND ASSOCIATES, INC.,

        Plaintiff-Appellee,

v

MAYFLOWER CONSTRUCTION CO., d/b/a
MAYFLOWER CUSTOM HOMES, and
WILLIAM R. ELDRIDGE,

        Defendants-Appellants,

and

GREGORY J. SAFFADY, as court-appointed
receiver for WILLIAM R. ELDRIDGE,

        Intervenor.

FOR PUBLICATION
November 13, 2014
9:10 a.m.

No. 317122
Wayne Circuit Court
LC No. 12-009114-CZ

Before: FITZGERALD, P.J., and WILDER and OWENS, JJ.

WILDER, J.

Defendants, Mayflower Construction Company, d/b/a Mayflower Custom Homes ("Mayflower"), and William R. Eldridge, appeal as of right an April 9, 2013 order by Wayne Circuit Judge Kathleen Macdonald awarding a default judgment to plaintiff, Brooks Williamson and Associates, Incorporated. We reverse and remand.

I

This action arises from a contract for plaintiff to perform environmental consulting and permit-application services for Mayflower's neighborhood development construction project. Plaintiff claimed that it provided the contracted for services, from June 2006 to November 2007, but that Mayflower failed to pay monthly invoices, which eventually totaled $18,852.83, plus costs and fees. Plaintiff further averred that, as a direct result of Mayflower's repeated failure to pay the invoices, plaintiff stopped providing additional services to Mayflower and did not submit its final permit application.

In March 2009, in a separate divorce case involving Mayflower's owner, Eldridge, Judge Deborah Ross Adams appointed Gregory J. Saffady as a receiver with the authority to preserve

-1-

Eldridge's property, assets and interests, including Mayflower. In the trial court's order, Saffady was "directed and authorized to . . . [i]nitiate, defend, compromise, adjust, intervene in, dispose of, or become a party to any actions or proceedings in state, federal or foreign jurisdictions necessary to . . . collect, protect, or increase the assets of [Eldridge.]"

Plaintiff first learned that defendants were subject to receivership when it sent a demand letter for payment of the invoices to Eldridge. On July 10, 2012, plaintiff filed the complaint in the instant case alleging: (1) breach of contract, (2) open account/account stated claim, (3) unjust enrichment, (4) quantum merit, (5) a violation of the Building Contract Fund, MCL 570.151 *et seq*, (6) conversion and treble damages under MCL 600.2919a, (7) commingling, siphoning, and misappropriating of funds, and disregard of corporate formalities by Eldridge, rendering Mayflower a mere instrumentality of Eldridge, thus warranting the piercing of Mayflower's corporate veil, and (8) fraudulent transfer under MCL 566.31. The complaint was served on Saffady, as receiver for defendants, and Christopher J. Nesi, as attorney for Eldridge. Defendants never answered the complaint.

Plaintiff filed a request for admissions, interrogatories, and production of documents on January 23, 2013. In February 2013, Saffady responded that he could not admit or deny the interrogatories and requests for admissions because he lacked knowledge as to the matters addressed, and he could not produce documents because they were not provided to him by Eldridge.

On April 1, 2013, plaintiff filed a document captioned, "BROOKS WILLIAMSON AND ASSOCIATES, INC.'s CASE EVALUATION SUMMARY" with the 3rd Circuit Court's Mediation Tribunal Association. The case evaluation summary was served both on Saffady and on Eldridge's attorney. In the text of that document, plaintiff argued *inter alia* that it was entitled to a default judgment because defendants failed to defend the action under MCR 2.313. Plaintiff also stated in the case evaluation summary that it was "filing a default and default judgment contemporaneously with this brief."

On April 3, 2013, plaintiff requested that the court clerk enter a default against defendants for failure to plead or otherwise defend as provided by law, but the clerk did not honor the request. On April 9, 2013, Judge Kathleen Macdonald entered a default judgment for plaintiff awarding $56,846.40. A proof of service indicates that plaintiff's request for default and the default judgment were served on Saffady, Saffady's attorney, and Eldridge, through his attorney, by mail on April 10, 2013, one day after Judge Macdonald entered the default judgment.

On April 15, 2013, Saffady's attorney submitted a letter to the case evaluation panel, stating in part that Eldridge had failed to cooperate with Saffady or provide Saffady any information from which the receiver could develop a response to the allegations of the complaint.

On April 29, 2013, defendants filed a motion to set aside the entry of a default judgment, arguing in part that Saffady had appeared in the action, and that plaintiff was therefore obligated, and failed, to send notice to defendants of the request for a default judgment under MCR 2.603(B)(1)(a)(i). In an affidavit of meritorious defenses attached to the motion, Eldridge

maintained that the allegations by plaintiff were false, that he did not conduct business in an individual capacity and there was no basis to pierce the corporate veil, that plaintiff did not complete the work Mayflower had asked it to perform (or at least failed to timely complete the work), that plaintiff failed to communicate appropriately with Mayflower, and that Mayflower did not benefit from any of plaintiff's work. Eldridge further claimed that, because the work was not completed, the lots in the neighborhood development lost value when the real estate market declined.

Plaintiff's response to defendants' motion urged the trial court to deny the motion to set aside the default judgment. Plaintiff contended that Saffady elected not to expend receivership resources to defend the action, that even though Eldridge's attorney received a copy of all the pleadings, Eldridge also failed to defend the action, and that default judgment was appropriate when 10 months had passed without defendants answering the complaint. Plaintiff also argued that defendants failed to satisfy the requirements for setting aside a default judgment, challenging defendants' claim that the default judgment should be set aside on the basis that defendants did not receive notice of the request for a default judgment as required by MCR 2.603(B)(1)(a)(i). Regarding the issue of notice, plaintiff first argued that defendants were not entitled to notice because they did not appear in the action, the request for relief was the same as requested in the complaint, and the complaint stated the specific amount demanded. Plaintiff argued in the alternative that it did notify defendants of the intent to request a default judgment by stating in the case evaluation summary filed with the mediation tribunal that it was also contemporaneously filing the request for default and default judgment. Finally, plaintiff maintained the general denials in Eldridge's affidavit were insufficient to establish a meritorious defense.

Following oral argument, the trial court denied defendants' motion to set aside the default judgment. In its oral ruling denying the motion, the trial court held that defendants failed to establish either good cause or a meritorious defense. It reasoned that Eldridge "had notice of everything that was going on in this case. He failed to cooperate with the receiver in the divorce case and in this case, which is why the default was entered. So there is no good cause here." The trial court did not specifically address any of defendants' asserted meritorious defenses on the record.

II

Defendants first argue that the trial court erred by concluding they failed to establish good cause to set aside the default judgment. Defendants contend that plaintiff not only failed to personally serve the summons and complaint on defendants, but that plaintiff also failed to give defendants proper notice of the filing of plaintiff's request for entry of a default judgment. We agree, in part.

A

This Court reviews the trial court's ruling on a motion to set aside the default judgment for an abuse of discretion. *Amco Builders & Developers, Inc v Team Ace Joint Venture*, 469 Mich 90, 97; 666 NW2d 623 (2003). "[A]lthough the law favors the determination of claims on the merits, it has also been said that the policy of this state is generally against setting aside

-3-

defaults and default judgments that have been properly entered." *Alken–Ziegler, Inc v Waterbury Headers Corp*, 461 Mich 219, 229; 600 NW2d 638 (1999) (citations omitted).

"The interpretation and application of court rules present questions of law," *Lamkin v Engram*, 295 Mich App 701, 707; 815 NW2d 793 (2012), and this court "interpret[s] court rules using the same principles that govern statutory interpretation." *In re Sanders*, 495 Mich 394, 404; 852 NW2d 524 (2014). The goal in interpreting court rules is to "give[] effect to the rule maker's intent as expressed in the court rule's terms, giving the words of the rule their plain and ordinary meaning. If the language poses no ambiguity, this Court need not look outside the rule or construe it, but need only enforce the rule as written." *Peterson v Fertel*, 283 Mich App 232, 235-236; 770 NW2d 47 (2009) (citations and internal quotation marks omitted).

B

Pursuant to MCR 2.603(D)(1), "[a] motion to set aside a default or a default judgment . . . shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed." ' "The good cause requirement . . . may be satisfied by demonstrating a procedural irregularity or defect or a reasonable excuse for failing to comply with the requirements that led to the default judgment." ' *Bullington v Corbell*, 293 Mich App 549, 560-561; 809 NW2d 657 (2011), quoting *ISB Sales Co v Dave's Cakes*, 258 Mich App 520, 533; 672 NW2d 181 (2003).

1

Defendants' claim that they were never served with the summons and complaint is inconsistent with the record, and does not establish good cause to set aside the default judgment. A court "cannot adjudicate [an in personam] controversy without first having obtained jurisdiction [over the] defendant by service of process . . . ." *Lawrence M Clark, Inc v Richco Constr, Inc* , 489 Mich 265, 274; 803 NW2d 151 (2011), quoting *Eisner v Williams*, 298 Mich 215, 220; 298 NW 507 (1941). MCR 2.105(H) provides, "Service of process on a defendant may be made by serving a summons and a copy of the complaint on an agent authorized by written appointment or by law to receive service of process." Here, under the receivership order, Saffady was a receiver for Eldridge and his businesses and he was authorized to "defend . . . any actions or proceedings necessary to . . . collect, protect, or increase the assets of [Eldridge.]" The receivership order therefore made Saffady an agent authorized by law to accept service of process for defendants. *Id.* In this capacity, Saffady signed an acknowledgement of service. Therefore, defendants received service of process. Despite defendants' claim that, in addition to service upon Saffady, defendants were also entitled to be personally served with the summons and complaint, service on Saffady was sufficient under MCR 2.105(H), and defendants cannot establish good cause to set aside the default judgment on this ground.

2

Defendants' claim that they did not receive proper notice regarding the request to enter a default judgment, however, does establish good cause to set aside the default judgment. MCR 2.603(B)(1) provides, in relevant part:

(a) A party requesting a default judgment must give notice of the request to the defaulted party, if

(i) the party against whom the default judgment is sought has appeared in the action;

(ii) the request for entry of a default judgment seeks relief different in kind from, or greater in amount than, that stated in the pleadings; or

(iii) the pleadings do not state a specific amount demanded.

(b) The notice required by this subrule must be served at least 7 days before entry of the requested default judgment.

(c) If the defaulted party has appeared, the notice may be given in the manner provided by MCR 2.107 . . . .

The relief sought in the request for entry of default judgment is the same relief requested in the pleadings, MCR 2.603(B)(1)(a)(ii), and the pleadings stated the specific amount demanded, MCR 2.603(B)(1)(a)(iii). But, under MCR 2.603(B)(1)(a)(i),

any action on the part of a defendant that recognizes the pending proceedings, with the exception of objecting to the court's jurisdiction, will constitute a general appearance. Only two requirements must be met to render an act adequate to support the inference that there is an appearance: (1) knowledge of the pending proceedings and (2) an intent to appear. [*In re Estate of Gordon*, 222 Mich App 148, 159 n 9; 564 NW2d 497 (1997) (citations and quotation marks omitted).]

Because defendants appeared in the action when Saffady entered a general appearance by answering the request for admissions, interrogatories, and production of documents, notice of plaintiff's intent to request entry of a default judgment was required. MCR 2.603(B)(1)(a)(i).

Plaintiff claims that, even if notice was required under MCR 2.603(B)(1)(a)(i), timely notice was provided in the text of the case evaluation summary it filed with the mediation tribunal and sent to defendants on April 1, 2013. We find that the statement plaintiff placed in its case evaluation summary did not constitute adequate notice. MCR 2.113(A) applies to the captioning of "all motions, affidavits, and other papers provided for by these rules," and MCR 2.113(C)(1)(d) requires "the identification of the pleading . . . ." The purpose of the notice of intent to request a default judgment is to give an opponent the opportunity to contest damages. See *Dollar Rent-A-Car Systems v Nodel Constr Co, Inc*, 172 Mich App 738, 743-744; 432 NW2d 423 (1988). Nothing in the document captioned, "BROOKS WILLIAMSON AND ASSOCIATES, INC.'s CASE EVALUATION SUMMARY," identified that the pleading contained or was intended to be notice of plaintiff's intent to request entry of a default judgment. As such, the statement of intention contained in the body of the case evaluation summary cannot be considered as notice that is consistent with either the letter or the spirit of MCR 2.113(C)(1)(d). Our construction of this court rule prevents a party from concealing notice in the text of a document that might not be given close or immediate attention prior to the entry of a

default judgment, and preserves the fair opportunity for a defendant to contest damages where they might otherwise not dispute liability.

C

Defendants next argue that they established a meritorious defense. We disagree.

In determining whether a defendant has a meritorious defense, the trial court should consider whether the affidavit contains evidence that:

(1) the plaintiff cannot prove or defendant can disprove an element of the claim or a statutory requirement;

(2) a ground for summary disposition exists under MCR 2.116(C)(2), (3), (5), (6), (7) or (8); or

(3) the plaintiff's claim rests on evidence that is inadmissible. [*Shawl v Spence Bros, Inc*, 280 Mich App 213, 238; 760 NW2d 674 (2008).]

In *Huntington Nat'l Bank v Ristich*, 292 Mich App 376, 393; 808 NW2d 511 (2011), the "defendant submitted a document entitled affidavit of meritorious defense with his motion to set aside the default." But this Court concluded that "the affidavit did not provide the trial court with any particular facts establishing a meritorious defense." Rather, the defendant merely asserted that he disputed the amount of the debt owed to the plaintiff. This Court held that "[m]erely contesting the amount of liability does not establish a meritorious defense."

In contrast to the insufficient affidavit in *Huntington*, this Court concluded that the affidavit in *Bullington*, 293 Mich App at 560, was sufficient where the defendants asserted several defenses, including the open and obvious nature of an alleged stairway defect. This Court held that the "open and obvious danger doctrine arguably affords [the] defendants with a complete defense to this premises liability claim."

In the affidavit at issue in the instant case, Eldridge did not establish that defendants can disprove the key elements of plaintiff's claims, particularly (1) whether Mayflower was obligated to pay the outstanding invoices from June 2006 to November 2007, (2) whether Mayflower was liable for treble damages for converting plaintiff's property, and (3) whether Mayflower's corporate veil could be pierced to reach Eldridge and hold him liable for any damages owed to plaintiff.

1

Eldridge's affidavit focused on the losses Mayflower suffered from plaintiff's failure to complete the work, specifically—submitting the final permit application. But the parties do not dispute that plaintiff failed to submit the final permit application. Plaintiff claimed Mayflower repeatedly breached its obligation to pay numerous invoices for environmental consulting and for services rendered in preparation of the final permit application, and it therefore refused to provide any additional services to Mayflower, including submitting the final permit application, before the invoices were paid. In his affidavit, Eldridge failed to articulate any particular facts

disputing Mayflower's obligation to pay the outstanding invoices. Under *Huntington*, no meritorious defense was established as to Mayflower's obligation.

2

In the complaint, plaintiff alleged defendants converted plaintiff's property, particularly funds that should have been reserved in trust to pay plaintiff, laborers, subcontractors, and other suppliers under MCL 570.151, and plaintiff was therefore entitled to treble damages. In their brief on appeal, defendants argue that plaintiff's conversion claim is "totally unfounded," but, in his affidavit, Eldridge made no reference to conversion, MCL 570.151, or treble damages. Again, absent any particularized facts disputing these claims, *Huntington*, 292 Mich App at 393, we cannot conclude that defendants established a meritorious defense.

3

In the "Piercing The Corporate Veil" section of the complaint, plaintiff alleged, in relevant part:

60. Upon information and [belief,] Eldridge was the sole owner and officer of Mayflower.

61. Upon information and belief, Eldridge commingled assets of Mayflower with personal assets, and/or assets of his other entities.

62. Upon information and belief, defendants commingled Building Contract Fund Act funds with personal assets, and/or assets of his other entities.

63. Upon information and belief, defendants disregarded corporate formalities.

64. Upon information and belief, Mayflower was a mere instrumentality of Eldridge.

65. Upon information and belief, defendants exploited the corporate form to commit wrongful and/or fraudulent acts.

66. Upon information and belief, Eldridge siphoned Mayflower's funds and/or trust funds for his own benefit.

67. Upon information and belief, defendants misappropriated, for their own use and benefit, funds paid to or received by Mayflower.

68. Plaintiff[] has been damaged by the corporate shell-game engaged in by Defendants, and it would be unjust to allow them to hide behind the corporate veil to avoid paying the amount owed to Plaintiff[].

In his affidavit, Eldridge merely averred:

> I never conducted any business with Plaintiff in my individual capacity and there is no basis for Plaintiff to attempt to "pierce the corporate veil." None of Plaintiff's claims against me personally have any merit whatsoever.

Although Eldridge claimed he did not conduct business in his individual capacity, he failed to offer any facts disputing the allegations of commingling, misappropriating and siphoning of assets, and disregard for corporate formalities. Under *Huntington*, no meritorious defense was established regarding whether Mayflower's corporate veil could be pierced to reach Eldridge and hold him liable for the damages owed to plaintiff.

D

Having concluded that defendants failed to establish a meritorious defense and therefore have not satisfied the requirements of MCR 2.603(D)(1), we must next address defendants' argument that regardless of their failure to prove a meritorious defense, because good cause to set aside the default judgment *has* been established, a substantial defect in the proceeding has been shown, and thus, manifest injustice would occur were we to permit the default judgment to stand. Although not specifically stated as such by defendants, defendants' argument is properly characterized as an assertion that it is a violation of due process to require a party moving to set aside a default judgment under MCR 2.603(D)(1) to demonstrate a meritorious defense under circumstances where the movant did not receive proper notice under MCR 2.603(B)(1). This Court reviews "de novo constitutional questions such as whether a party was denied due process . . . ." *Lima Twp. v Bateson*, 302 Mich App 483, 503; 838 NW2d 898 (2013).

As we noted above, this Court "interpret[s] court rules using the same principles that govern statutory interpretation." *In re Sanders*, 495 Mich at 404; see also *Lamkin*, 295 Mich App at 707. Moreover, "[s]tatutes are presumed to be constitutional, and we have a duty to construe a statute as constitutional unless its unconstitutionality is clearly apparent." *In re Sanders*, 495 Mich at 404.

> Every reasonable presumption or intendment must be indulged in favor of the validity of an act, and it is only when invalidity appears so clearly as to leave no room for reasonable doubt that it violates some provision of the Constitution that a court will refuse to sustain its validity. [*Cady v Detroit*, 289 Mich 499, 505; 286 NW 805 (1939).]

When faced with a claim that the application of a court rule renders it unconstitutional, we must analyze the court rule "as applied" to the particular case. See *Keenan v Dawson*, 275 Mich App 671, 681; 739 NW2d 681 (2007).

In *Petroff v Petroff*, 88 Mich App 18; 276 NW2d 503 (1979), this Court analyzed the former versions of the court rules at issue here, GCR 1963, 520.2(2) and GCR 1963, 520.4.

-8-

GCR 1963, 520.2(2) provided:

> Judgment by default may be entered as follows:
>
> * * *
>
> (2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor . . . If the party against whom judgment by default is sought has appeared in the action, he . . . shall be served with written notice of the application for judgment at least 7 days prior to the hearing on such application."

GCR 1963, 520.4 provided:

> "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 528. If personal service was made upon the party against whom the default was taken, it shall not be set aside unless application to have it set aside is made either before the entry of judgment or within 4 months after the default was regularly filed or entered except as provided in Rule 528. Any order setting aside such default shall be conditioned upon the party against whom the default was taken paying the taxable costs incurred by the other party in reliance upon the default, except as prescribed in subrule 526.8. Other conditions may be imposed as the court deems proper. A proceeding to set aside default or a default judgment, except when grounded on want of jurisdiction over the defendant, shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed."

This Court held that, even though GCR 1963, 520.4 "makes it eminently clear" that both good cause and a meritorious defense are required to set aside a default judgment, prior cases had not required the showing of a meritorious defense when a party failed to provide notice of the application for judgment. *Petroff*, 88 Mich App at 20. In addition, this Court held:

> constitutional due process requires notice so that an opportunity is provided to attend and present a claim or defense. We think that GCR 1963, 520.2(2) is an expression of a fundamental concept of law. It is patently unfair to compel a party to demonstrate a defense in order to get a default judgment set aside when the manner in which the default judgment was entered constituted a denial of due process. A party is entitled to due process regardless of the merits of his claim or defense. [*Petroff*, 88 Mich App at 21.]

Defendants cite to *Perry v Perry*, 176 Mich App 762, 770; 440 NW2d 93 (1989), in which this Court, analyzing MCR 2.603(B) and MCR 2.603(D), successor court rules to GCR 1963, 520.2(2) and GCR 1963, 520.4, followed the reasoning in *Petroff* and held that the meritorious defense requirement in MCR 2.603(D) "need not be followed in order for the defaulted party to

prevail in its efforts to set aside a default judgment" where the notice provision in MCR 2.603(B)(1) was not satisfied.[1]

In *Peralta v Heights Med Ctr, Inc*, 485 US 80, 83, 86-87; 108 S Ct 896; 99 L Ed 2d 75 (1988), the United States Supreme Court held that a defendant's constitutional due process rights were impaired when, despite neither receiving timely service of process nor notice of a default judgment, he was nevertheless required to show a meritorious defense in order to set aside the default judgment. The Court explained:

> "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections." *Mullane v Central Hanover Bank & Trust Co*, 339 US 306 314; 70 S Ct 652, 657; 94 L Ed 865 (1950). Failure to give notice violates "the most rudimentary demands of due process of law." *Armstrong v Manzo*, 380 US 545, 550; 85 S Ct 1187, 1190; 14 L Ed 2d 62 (1965). [*Id.* at 84.]

The Court reasoned that a party with notice of the suit and the default judgment might have impleaded another party at-fault, negotiated a settlement, or paid the debt alleged (as opposed to having his property sold at auction). *Id.* at 85.

While the plain language of MCR 2.603(D)(1) requires a defendant to provide both evidence of good cause and an affidavit of facts showing a meritorious defense in order to set aside a default judgment, we agree with the reasoning of this Court in *Petroff* and the United States Supreme Court in *Peralta* that, without a showing that a party has received notice of the request for entry of default judgment, the requirement that a party must show a meritorious defense in order to set aside a default judgment runs afoul of the party's constitutional rights. *Cady*, 289 Mich at 505. A party served with a complaint who does not dispute liability may reasonably choose not to respond to the complaint because it lacks a defense to the claim. Nevertheless, that party is still entitled to contest the plaintiff's asserted damages, and is entitled to notice of a request for entry of a default judgment in order to exercise that opportunity. The failure to provide notice denies that required opportunity. Applying this principle here, even if Mayflower was liable for the amount of the unpaid invoices ($18,852.83), the failure to comply with the notice provision under MCR 2.603(B)(1) precluded it from challenging the potential award of treble damages, which would have otherwise been within the trial court's discretion to award or deny. We therefore find that, where it is shown that that party did not receive notice of the opponent's intent to request a default judgment, the requirement in MCR 2.603(D)(1) that a party must show a meritorious defense to set aside a default judgment constitutes a denial of the constitutional right to due process, and hold that portion of the court rule is unenforceable as applied to a party who has not been provided adequate notice. *Cady*, 289 Mich at 505; see also *In re Treasurer of Wayne Co*, 478 Mich 1, 10-11; 732 NW2d 458 (2007) (concluding that the

---

[1] We note that, because *Petroff* and *Perry* are pre-1990 decisions, they are not binding on this Court. MCR 7.215(J)(1).

portion of a statute purporting to limit a court's jurisdiction to modify judgments of foreclosure is unconstitutional and unenforceable as applied to property owners who are denied due process).

Accordingly, defendants having established good cause to set aside the default judgment because they did not receive notice of plaintiff's request for entry of a default judgment, were not constitutionally required to also establish a meritorious defense. The trial court erred by denying defendants' motion to set aside the default judgment.

E

Plaintiff alternatively argues that, if this Court finds that a default judgment was inappropriate under MCR 2.603, the trial court could have entered a default judgment as a sanction under MCR 2.313(B) or (D), for defendants' failure to cooperate with the receivership order and their failure to comply with discovery requests. Because the trial court did not exercise its discretion to sanction defendants under MCR 2.313, plaintiff's contention is unpreserved. Having no lower court ruling to review regarding the application of MCR 2.313 to the facts of this case, we decline to address in the first instance plaintiff's alternative grounds in support of maintaining the default judgment entered in its favor. See *King v Mich State Police Dept*, 303 Mich App 162, 184-185; 841 NW2d 914 (2013) (where there was no exercise of discretion to review with respect to newly asserted grounds for awarding attorney fees, this Court declined to address the plaintiff's unpreserved arguments on appeal).

III

We reverse the trial court's order denying defendants' motion to set aside the default judgment and remand for further proceedings. We do not retain jurisdiction. Defendants, as prevailing parties on appeal, may tax costs pursuant to MCR 7.219.

/s/ Kurtis T. Wilder
/s/ E. Thomas Fitzgerald
/s/ Donald S. Owens