# STATE OF MICHIGAN

# COURT OF APPEALS

JACQUELYN J. JONES,

Plaintiff-Appellee,

v

WILLIAM KEITH JONES,

Defendant-Appellant.

UNPUBLISHED
January 24, 2017

No. 329732
Lenawee Circuit Court
LC No. 13-039279-DM

Before: BECKERING, P.J., and SAWYER and SAAD, JJ.

PER CURIAM.

Defendant appeals following the trial court's entry of a default judgment of divorce. We affirm.

Plaintiff filed this divorce action after a nearly 20-year marriage. Although defendant apparently participated in various pretrial conferences and discussed the terms of the divorce judgment, he did not answer the complaint, a default was entered, and a default judgment was requested. After multiple adjournments, a hearing to enter the default judgment was held on September 28, 2015. With a correction of an error in the judgment presented to the trial court at the hearing, the trial judge entered the judgment presented by plaintiff's counsel. Defendant now appeals.

Defendant first argues that the trial court improperly entered the default judgment without affording him the opportunity to be heard. Defendant relies upon this Court's opinion in *Perry v Perry*, 176 Mich App 762, 767-768; 440 NW2d 93 (1989), for the proposition that, even after a default, a defendant has the right to participate in the hearing to determine the terms of the judgment. But this Court in *Dragoo v Dragoo*, 223 Mich App 415, 427-428; 566 NW2d 642 (1997), concluded that *Perry* was incorrectly decided because that principle only applies to cases where the defaulted defendant would have had a right to a jury trial and, therefore, does not apply to equitable actions such as a divorce case. Defendant only cites to an unpublished decision of this Court for the proposition that *Dragoo* only applies where the default is the result of a discovery sanction and does not apply where the default was for failing to appear. We need not resolve this question, however, because the record does not support defendant's contention that he was not allowed to participate in the hearing.

-1-

Defendant attended the September 28 hearing. Plaintiff was called as a witness and, after the direct examination by plaintiff's attorney was finished, the trial judge asked defendant "do you have any questions for your wife?" Defendant responded that he did not. Defendant was then sworn and asked questions by the trial court. Defendant stated his objections to the judgment. There is no indication from the record that the trial court prevented defendant from making any argument that he wished or from presenting evidence. In short, even assuming that *Dragoo* does not apply to this case and that, under *Perry*, defendant had the right to fully participate in the hearing, he was not precluded from doing so.

Next, defendant argues that entry of the judgment was improper because plaintiff failed to comply with MCR 3.210(B)(4)(a), which requires, among other things, that the plaintiff must, 14 days before the hearing, serve on the defendant a copy of the proposed default judgment. Although defendant acknowledges that a copy of a proposed judgment was served on him at least 14 days before the hearing, he claims that the proposed judgment presented to the trial court differed from the proposed judgment that had been served on him.

There are two problems with analyzing this argument. First, while defendant attaches to his brief on appeal a copy of what he claims to have been the proposed judgment sent to him, no copy of that judgment appears in the record. Our review is limited to the record created in the trial court. MCR 7.210. Indeed, the only indication in the record regarding the proposed judgment as sent to defendant is the following exchange at the hearing:

THE COURT: Thank you. Mr. Jones, have you seen the judgment?

THE DEFENDANT: I have not.

[Plaintiff's counsel]: It's the one I mailed to you with the notice of this hearing.

THE DEFENDANT: Then yes.

Therefore, the record before us can only establish that defendant was properly served a copy of the proposed judgment.

Second, defendant did not raise any objections at the hearing, nor move to set aside the default judgment, based upon this claim. Therefore, the issue has not been properly preserved for appeal. *Booth Newspapers, Inc v Univ of Mich Bd of Regents*, 444 Mich 211, 234; 507 NW2d 422 (1993).

Finally, defendant argues that the default judgment should be vacated because the property division was inequitable. We disagree. We affirm property distribution decisions in divorce cases unless we are left with a firm conviction that the distribution was inequitable. *Hanaway v Hanaway,* 208 Mich App 278, 292; 527 NW2d 792 (1995). Although defendant makes representations in his brief as to the valuations, including the attachment of documents and an affidavit, there is no evidence in the trial court record to establish the valuations or the

extent of any inequality in the distribution. Nor, for that matter, was there any discussion as to the reasons for the distribution, other than a question to plaintiff by her attorney to confirm that she had originally asked for 75%[1] of defendant's pension "to cover some of the other inequities in this." In any event, based upon the scant record before us, we are not left with a firm conviction that the distribution is inequitable.

Affirmed. Plaintiff may tax costs.

/s/ Jane M. Beckering
/s/ David H. Sawyer
/s/ Henry William Saad

---

[1] The proposed judgment had reduced the request to 65%.