*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SUNFLOWER VILLAGE HOMES
ASSOCIATION,

UNPUBLISHED
November 10, 2022

Plaintiff-Appellant/Cross-Appellee,

v

No. 358150
Wayne Circuit Court
LC No. 21-000541-CH

ERIC LACY and MICHELLE CHRISTIE,

Defendants-Appellees/Cross-
Appellants.

Before: GARRETT, P.J., and O'BRIEN and REDFORD, JJ.

PER CURIAM.

Plaintiff, Sunflower Village Homes Association, appeals as of right the trial court's order entering default judgment against defendants, Eric Lacy and Michelle Christie, that limited plaintiff's award of attorney fees to $500. Defendants cross-appeal, challenging the trial court's denial of their motion to set aside the defaults. We affirm the trial court's denial of defendants' motion to set aside the defaults, but vacate the trial court's award of attorney fees and remand for the trial court to properly address plaintiff's request for attorney fees.

## I. BACKGROUND

Defendants own a home in the Sunflower Village Homes Subdivision and, as such, are members of plaintiff. Pursuant to plaintiff's bylaws, each member-owner is responsible for paying annual assessments. Defendants failed to pay their assessments for 2020 and 2021. This led plaintiff to file this collection action on January 14, 2021. Plaintiff's complaint alleged that defendants owed the unpaid assessments with interest plus late fees, and requested attorney fees pursuant to plaintiff's bylaws.

After receiving no response, plaintiff requested entry of default against both defendants on February 24, 2021, and defaults were entered against both defendants on March 2, 2021.

On March 31, 2021, plaintiff moved for entry of default judgment. As relevant to this appeal, in addition to the unpaid assessments and late fees, plaintiff's motion requested that

defendants pay $3,229.85 in "actual and reasonable attorney's fees." Plaintiff attached to its motion an exhibit showing the work plaintiff's counsel had done, the time plaintiff's counsel spent doing that work, and the rate that plaintiff's counsel charged for that work. In a brief attached to its motion, plaintiff walked through the factors outlined in *Smith v Khouri*, 481 Mich 519, 528-530; 751 NW2d 472 (2008), to argue that its requested attorney fees were reasonable.

Defendants responded to plaintiff's motion on April 28, 2021. As relevant to this appeal, defendants contended that Christie was not properly served, and that "[t]his constitute[d] a defect in the proceedings which would amount to a legal basis to set aside the default[s]."

Defendants later formally moved to set aside the defaults on May 7, 2021. Defendants reiterated that Christie was not properly served, and argued that this was good cause to set aside the defaults. Defendants then argued that they had a meritorious defense to plaintiff's action because Christie was never sent the outstanding assessments in violation of plaintiff's bylaws.[1]

In response to defendants' claim that Christie was not served, plaintiff explained that Christie was personally served by plaintiff's process server when she, by apparent happenstance, answered the door at defendants' co-owned home when the process server was trying to serve Lacy. Plaintiff attached emails to its motion in support of this assertion. Plaintiff next explained that it had attempted to serve Christie by mail at her last known address through both certified and first-class mail, and that, while the certified letter was returned as unclaimed, the first-class letter was not. Plaintiff therefore assumed that the first-class letter had been forwarded to Christie. Plaintiff further contended that it was Christie's responsibility to update her address with plaintiff if her address had changed, which she never did.

The trial court held a hearing on the parties' motions on July 16, 2021. The parties argued in line with their briefs. After listening to the parties' arguments, the trial court issued an oral ruling on the record. The trial court denied defendants' motion to set aside the defaults, reasoning that they had not established a meritorious defense "regarding the complaint about the failure to pay the amount." The trial court then granted plaintiff's motion for entry of default judgment, but on the issue of attorney fees, limited the award to $500. The court explained:

> And, in looking at the factors of the amount, considering the nature of the suit and the difficulty and given counsel's background, this is pretty easy stuff. So, $500, especially in light of the amount of the claim and the difficulty of the suit, is reasonable and that would be corrected in your order.

Plaintiff's appeal and defendants' cross-appeal followed.

---

[1] Defendants raised other arguments about why the defaults should be set aside, including that Lacy's indigency was a basis to set aside the defaults and that plaintiff's entire action violated the federal moratorium on evictions that was in effect at the time. Defendants do not raise those arguments on appeal, however, so this opinion does not address them any further.

## II. MOTION TO SET ASIDE DEFAULTS

In their cross-appeal, defendants argue that the trial court abused its discretion by denying their motion to set aside the defaults. We disagree.

### A. STANDARD OF REVIEW

This Court reviews a ruling on a motion to set aside a default for an abuse of discretion. *Shawl v Spence Bros, Inc*, 280 Mich App 213, 218; 760 NW2d 674 (2008). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Pirgu v United Services Auto Ass'n*, 499 Mich 269, 274; 884 NW2d 257 (2016).

### B. ANALYSIS

The court rules provide that a default may be set aside "if good cause is shown and a statement of facts showing a meritorious defense . . . is filed." MCR 2.603(D)(1). "Good cause is established by (1) a procedural irregularity or defect, or (2) a reasonable excuse for not complying with the requirements that created the default." *Barclay v Crown Bldg & Dev, Inc*, 241 Mich App 639, 653; 617 NW2d 373 (2000).

Defendants claim that Christie was never served, and they filed an affidavit to that effect. Plaintiffs, on the other hand, contend that Christie was personally served. The trial court did not hold an evidentiary hearing to resolve this factual dispute, as is common in these situations. See, e.g., *id*. at 651 (upholding the trial court's finding that the defendant was served, despite his sworn assertions that he was not). While not explicitly stated, it appears that the trial court accepted without deciding that Christie was not served. Doing the same, we will assume for purposes of this appeal that Christie was not served. This constituted a procedural defect or irregularity, and thus provided good cause to set aside the defaults.

The crux of the trial court's ruling on this issue was its finding that defendants did not submit facts establishing a meritorious defense. This Court has explained:

> In determining whether a defendant has a meritorious defense, the trial court should consider whether the affidavit contains evidence that:
>
> (1) the plaintiff cannot prove or defendant can disprove an element of the claim or a statutory requirement;
>
> (2) a ground for summary disposition exists under MCR 2.116(C)(2), (3), (5), (6), (7) or (8); or
>
> (3) the plaintiff's claim rests on evidence that is inadmissible. [*Brooks Williamson & Assoc, Inc v Mayflower Const Co*, 308 Mich App 18, 29; 863 NW2d 333 (2014) (quotation marks and citation omitted).]

Defendants argue that plaintiff cannot enforce the assessments against defendants because Christie never received notice of the assessments in violation of plaintiff's bylaws.[2] In support of this argument, defendants rely on the following provision of plaintiff's bylaws:

> The Board of Directors of the Association, subject to the limitations set forth in Section 3 and 4 hereof, shall fix the amount of the assessment against each Lot for each assessment period at least thirty (30) days in advance of such date or period and shall at that time, prepare a roster of the Lots and the assessments applicable thereto which shall be kept in the office of the Association and shall be open to inspection by any Owner. *Written notice of the assessment shall thereupon be sent to every Owner subject thereto.* The Association shall, upon demand and payment of a reasonable charge, furnish to any Owner liable for such assessment(s) a certificate in writing signed by an officer of the Association setting forth whether such assessment has been paid. Such certificate shall be conclusive evidence of payment of any assessment therein stated to have been paid. [Emphasis added.]

In Christie's affidavit, she asserts that she never received notice of the assessments at issue.

In response, plaintiff points out that "notice" under its bylaws is not actual notice as defendants contend, but is defined as follows:

> Any notice required to be sent to every Member or Owner under the provisions of this Declaration shall be deemed to have been properly sent when mailed, postpaid, to the last known address of the person who appears as Member or Owner on the records of the Association at the time of such mailing.

Plaintiff presented abundant evidence that it routinely sent written notices of its assessments to Christie at "8611 Sunrise Meadow Lane, Houston, TX 77095," including written notices about the assessments at issue in this case. In her affidavit, Christie asserts that her current address is "19502 Hope Springs Lane, Cypress, Texas 77433," but never denies that she used to live at the 8611 Sunrise Meadow Lane address. More importantly, in filings in the trial court, defendants admitted that Christie used to live at the 8611 Sunrise Meadow Lane address. Yet, in Christie's affidavit that defendants rely upon as the basis for their meritorious defense, Christie never averred that she updated her address with plaintiff.

Accordingly, defendants have failed to present a meritorious defense. While plaintiff was required to send written notices of the at-issue assessments to Christie, the notices only had to be sent to her last known address. Plaintiff presented ample evidence showing that it sent notices of the at-issue assessments to Christie's last known address, and nothing in Christie's affidavit contests this fact. Accordingly, the trial court did not abuse its discretion by denying defendants' request to set aside the defaults.

---

[2] Defendants do not argue that plaintiff's alleged failure to properly serve Christie is a meritorious defense, so such an argument is abandoned on appeal.

-4-

## III.  ATTORNEY FEES

In its claim of appeal, plaintiff argues that the trial court abused its discretion in its handling of plaintiff's request for attorney fees.  Defendants agree that the trial court did not properly address plaintiff's request for attorney fees and that remand is necessary.  Thus, there is no dispute that this case should be remanded for the trial court to address plaintiff's request for attorney fees using the proper framework.  For the sake of thoroughness, this opinion will briefly analyze the trial court's error.

### A.  STANDARD OF REVIEW

A trial court's decision to award attorney fees is reviewed for an abuse of discretion.  *Smith*, 481 Mich at 526.  "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes."  *Pirgu*, 499 Mich at 274.

### B.  ANALYSIS

The parties agree that, if the trial court properly entered the default judgment against defendants, then plaintiff is entitled to reasonable attorney fees pursuant to plaintiff's bylaws.  In the trial court, plaintiff requested $3,229.85 in attorney fees, supported this request with documentation, and made arguments for why the requested amount was reasonable.  In reducing plaintiff's attorney fees to $500, the trial court explained:

> And, in looking at the factors of the amount, considering the nature of the suit and the difficulty and given counsel's background, this is pretty easy stuff.  So, $500, especially in light of the amount of the claim and the difficulty of the suit, is reasonable and that would be corrected in your order.

When determining the reasonableness of attorney fees as the trial court was required to do here, courts are to apply the framework outlined by our Supreme Court in *Smith*, 481 Mich at 528-530, and *Pirgu*, 499 Mich at 275-282.  See *Powers v Brown*, 328 Mich App 617, 622; 939 NW2d 733 (2019).  As this Court has explained:

> In *Smith*, our Supreme Court instructed that the analysis begins with the trial court determining the fee customarily charged in the locality for similar legal services. Next, this number should be multiplied by the reasonable number of hours expended in the case.  The number produced by this calculation should serve as the starting point for calculating a reasonable attorney fee.  Then, the trial court should consider a number of factors to determine whether an upward or downward adjustment is appropriate. . . .  [O]ur Supreme Court more recently distilled the factors that a trial court is to consider:
>
> > (1) the experience, reputation, and ability of the lawyer or lawyers performing the services,
> >
> > (2) the difficulty of the case, i.e., the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly,

(3) the amount in question and the results obtained,

(4) the expenses incurred,

(5) the nature and length of the professional relationship with the client,

(6) the likelihood, if apparent to the client, that acceptance of the particular employment will preclude other employment by the lawyer,

(7) the time limitations imposed by the client or by the circumstances, and

(8) whether the fee is fixed or contingent.

These factors are not exclusive, and the trial court may consider any additional relevant factors. Further, to aid appellate review, the trial court should briefly discuss its view of each of the factors above on the record and justify the relevance and use of any additional factors. When a trial court fails to follow this method, it errs. Finally, if a trial court primarily relies on only one factor—the amount sought and results achieved—and fails to briefly discuss its view of the other factors, the trial court necessarily abuses its discretion and remand is required. [*Id*. at 622-624 (quotation marks, citations, footnotes, and alterations omitted).]

Here, the trial court clearly failed to follow this framework for determining the reasonableness of plaintiff's requested attorney fees. Further, to the extent that it considered some factors, it failed to "comprehensively review and state its findings with respect to all the factors in the *Smith/Pirgu* framework," and thus abused its discretion. *Id*. at 624. Remand is necessary for the trial court to analyze plaintiff's request for attorney fees using the proper framework.[3]

## IV. CONCLUSION

The trial court did not abuse its discretion when it denied defendants' motion to set aside the defaults. However, the trial court did abuse its discretion when it reduced plaintiff's award of attorney fees to $500 without analyzing the issue under the proper framework. The trial court's award of attorney fees is therefore vacated, and the case is remanded for the trial court to address plaintiff's request for attorney fees under the proper framework.

Affirmed in part, vacated in part, and remanded. We do not retain jurisdiction.

/s/ Kristina Robinson Garrett
/s/ Colleen A. O'Brien
/s/ James Robert Redford

---

[3] Plaintiff also requests reasonable attorney fees for the work associated with this appeal. The trial court should allow additional briefing by the parties to address this issue, decide whether plaintiff is entitled to attorney fees related to this appeal and, if so, the reasonableness of the requested fees.