# STATE OF MICHIGAN

# COURT OF APPEALS

LEET E. DENTON and PATSY DENTON,

Petitioners-Appellants,

v

DEPARTMENT OF TREASURY,

Respondent-Appellee.

FOR PUBLICATION
September 20, 2016
9:00 a.m.

No. 327406
Tax Tribunal
LC No. 14-005932-TT

Before: STEPHENS, P.J., and SERVITTO and GLEICHER, JJ.

STEPHENS, J.

Petitioners appeal as of right the final opinion and judgment of the Michigan Tax Tribunal (MTT) denying their request to waive the interest assessed against them on a corrected tax bill issued after respondent determined that petitioners improperly claimed a principal residence exemption (PRE)[1] for tax years 2010 through 2013. For the reasons discussed below, we reverse the MTT's judgment and remand this case to respondent for further proceedings

## I. BACKGROUND

Petitioners Leet and Patsy Denton once resided in Grosse Pointe Shores, Michigan. At some point, petitioners decided to move to Florida and in 2007, applied for a homestead

---

[1] "A principal residence is exempt from the tax levied by a local school district for school operating purposes to the extent provided under section 1211 of the revised school code, 1976 PA 451, MCL 380.1211, if an owner of that principal residence claims an exemption as provided in this section. . . ." MCL 211.7cc(1). To qualify for the principle residence exemption in Michigan, a property owner must file an affidavit averring that the property is owned and occupied as "his or her true, fixed, and permanent home to which, whenever absent, he or she intends to return and that shall continue as a principal residence until another principal residence is established." MCL 211.7cc(2) and MCL 211.7dd. "The department of treasury shall determine if the property is the principal residence of the owner claiming the exemption." MCL 211.7cc(8).

exemption there. Petitioners were required to submit an "Other County/State Benefit Cancellation Form" to a Florida county property appraiser to show that the PRE for their Michigan home was cancelled. The form gave notice of petitioners' homestead exemption application in Florida and requested the appropriate assessor in Michigan to remove "residency based" exemptions or benefits for the Grosse Pointe Shores home for the 2007 tax year. In December 2007, the Michigan tax assessor for Lake Township signed the form without specifying what benefits or exemptions were cancelled. In any event, the form was accepted by the county office in Florida and petitioners were thereafter granted a Florida homestead exemption.

The Michigan assessor did not remove the PRE for petitioners' Grosse Pointe Shores' home however, and in September 2013 after an audit, respondent informed petitioners that it was denying PRE exemptions for the years 2010 through 2013 because the property was not being occupied as a principal residence.[2] Petitioners were assessed back taxes and interest in the matter, which apparently they paid. In February 2013, the local tax assessor in Michigan,[3] at petitioners' behest, filed Department of Treasury Form 4813, titled "Assessor's Affidavit to Waive Principal Residence Exemption (PRE) Denial Interest" and requested that respondent waive $18,521.49 in interest.[4] In that form, the assessor identified "an assessor's failure to rescind the exemption after the owner requested, in writing, that the exemption be rescinded" as the error occasioning the corrected tax bill. The form provided the following instruction for when that error was asserted:

> If the corrected or supplemental tax bill(s) was a result of an assessor's failure to rescind the exemption after the owner requested in writing that the exemption be rescinded, the error must be thoroughly detailed in this section. Copies of an appropriately date-stamped Request to Rescind Homeowner's Principal Residence Exemption, Form 2602, *or other similar request to rescind the exemption* must be submitted with this Affidavit. [Emphasis added.]

Attached to the tax assessor's affidavit was the 2007 Florida "Other County/State Benefit Cancellation Form."

---

[2] At that time, respondent was authorized only to "review the validity of exemptions for the current calendar year and for the 3 immediately preceding calendar years." MCL 211.7cc(8). MCL 211.7cc was amended, effective October 22, 2013, to allow respondent to deny an improperly claimed exemption "before the 3 immediately preceding tax years . . . ." 2013 PA 140; MCL 211.7cc(8) and MCL 211.7cc(21). Unless otherwise noted, we apply the version of the statute in effect for the tax years involved. See, e.g., *Uniroyal, Inc v City of Allen Park*, 138 Mich App 156, 162; 360 NW2d 156 (1984) ( ". . . these amendments were not in effect for the tax years involved in the instant case and we thus do not consider the effect of such legislation . . .").

[3] The assessor who signed the Florida form in 2007 yielded the office to a successor.

[4] The assessor filed an additional form 4813 in February 2014 to correct the amount of interest that respondent was being asked to waive from $18,521.49 to $22,651.64.

In a letter dated May 22, 2014, respondent informed petitioners that their interest waiver request was denied because "insufficient documentation was submitted to show that an assessor's error occurred as required by MCL 211.7cc(8)." In June 2014, petitioners filed a petition in the Small Claims Division of the MTT, appealing respondent's decision and asserting that respondent was provided with all the necessary information, and that there was "no doubt that a written request to rescind the PRE was made by the Petitioners in 2007 as required by MCL 211.7cc(8)." Attached to the petition was an affidavit from the tax assessor who in 2007 received the Florida homestead exemption form from petitioners. The assessor averred that he "thought [he] had taken the appropriate steps to adjust the village records as to rescind the Personal [sic] Residence Exemption" on petitioners' Grosse Pointe Shores property near the time he received the 2007 Florida form. The assessor also averred that he "did not ask (or suggest) that [petitioners] complete a Michigan Department Treasury form 2602 as [he] already had the Florida Certification which included a written request to rescind their Personal Residence Exemption." In its answer, respondent argued that petitioners were required to seek rescission of the PRE by filing form 2602, and that "[a]n assessor does not have the authority to rescind an exemption where a request to rescind the exemption has not been filed." Respondent thus maintained that no assessor error had occurred under MCL 211.7cc(8).

Following a hearing on January 14, 2015, an MTT hearing referee issued a proposed opinion and judgment. The referee agreed with respondent that an assessor does not have authority to rescind a PRE when form 2602 was not filed. It noted that MCL 211.7cc(8) allows for requests to be made "in writing," but concluded that respondent properly exercised its discretion under that subsection in denying the request.

Petitioners filed exceptions to the proposed opinion and judgment and argued that the referee's reading of MCL 211.7cc(8) would render the statute meaningless as applied to interest waivers, given that MCL 211.7cc(15) precludes the assessment of interest when form 2602 is timely filed and the assessor fails to remove the PRE. Petitioners contended that respondent's position, that it was prevented from considering a request to rescind when form 2602 was not filed, constituted a failure to exercise any discretion.

In its final opinion and judgment, the MTT rejected petitioners' argument, noting that MCL 211.7cc(8) remained applicable to untimely filed rescission forms. The MTT also rejected petitioners' argument that respondent abused its discretion by failing to exercise any discretion in the matter.

Petitioners sought reconsideration on April 3, 2015. Again, petitioners argued that the MTT incorrectly interpreted MCL 211.7cc(8). In denying petitioners' motion, the MTT clarified that its final opinion "held that a waiver request based on an assessor's failure to rescind is limited to requests resulting from the filing of a proper rescission form." It also stated that respondent "properly exercised its discretion in determining that the assessor did not fail to rescind the PRE for the tax years at issue as no proper rescission form had been filed."

## II. STANDARD OF REVIEW

"In the absence of fraud, error of law or the adoption of wrong principles, no appeal may be taken to any court from any final agency provided for the administration of property tax laws

from any decision relating to valuation or allocation." Const 1963, art 6, § 28. "[W]hen statutory interpretation is involved, this Court reviews the Tax Tribunal's decision de novo." *Briggs Tax Serv, LLC v Detroit Pub Sch*, 485 Mich 69, 75; 780 NW2d 753 (2010).

"While we recognize that tax exemptions are strictly construed against the taxpayer because exemptions represent the antithesis of tax equality, we interpret statutory language according to common and approved usage, unless such construction is inconsistent with the manifest intent of the Legislature." *Elias Bros Restaurants Inc v Treasury Dep't*, 452 Mich 144, 150; 549 NW2d 837 (1996). "The primary goal of statutory interpretation is to give effect to the intent of the Legislature." *Briggs Tax Serv*, 485 Mich at 76. "The words contained in a statute provide the most reliable evidence of the Legislature's intent." *Gillie v Genesee Co Treasurer*, 277 Mich App 333, 345; 745 NW2d 137 (2007). "If the language of a statute is clear and unambiguous, the statute must be enforced as written and no further judicial construction is permitted." *Whitman v City of Burton*, 493 Mich 303, 311; 831 NW2d 223 (2013). However, "[t]ax laws generally will not be extended in scope by implication or forced construction, and when there is doubt, tax laws are to be construed against the government." *LaBelle Mgt, Inc v Dep't of Treasury*, ___ Mich App ___, ___; ___ NW2d ___ (2016) (Docket No. 324062), slip op at 3.

## III. ANALYSIS

Michigan's PRE is governed by MCL 211.7cc and MCL 211.7dd of the General Property Tax Act (GPTA), MCL 211.78 *et seq*. *EldenBrady v Albion*, 294 Mich App 251, 256; 816 NW2d 449 (2011). While the factual backdrop here is one of a rescission of a PRE, the gravamen of this case is the meaning of the expression "in writing" as used in subsection 7cc(8) below,

> . . .The department of treasury may waive interest on any tax set forth in a corrected or supplemental tax bill for the current tax year and the immediately preceding 3 tax years if the assessor of the local tax collecting unit files with the department of treasury a sworn affidavit in a form prescribed by the department of treasury stating that the tax set forth in the corrected or supplemental tax bill is a result of the assessor's classification error or other error or the assessor's failure to rescind the exemption after the owner requested *in writing* that the exemption be rescinded. . . . [MCL 211.7cc(8) (emphasis added).].

Respondent contends that "in writing" means specifically, to use Michigan Department of Treasury Form 2602. Petitioners contend that "in writing" means a written request. The MTT agreed with respondent. We conclude that "in writing" is not synonymous with filing form 2602 and that the MTT committed an error of law in its interpretation of the expression in MCL 211.7cc(8).

In support of its interpretation, respondent relies on MCL 211.7cc(5). That subsection provides, in pertinent part:

> Except as otherwise provided in this subsection, not more than 90 days after exempted property is no longer used as a principal residence by the owner

claiming an exemption, that owner shall rescind the claim of exemption by filing with the local tax collecting unit *a rescission form prescribed by the department of treasury. . . .* [MCL 211.7cc(5) (emphasis added)].

It is undisputed that Michigan Department of Treasury Form 2602 is the rescission form prescribed by respondent in MCL 211.7cc(5). Respondent reasons that § 7cc(8)'s "Except as otherwise provided in subsection (5)" language below, means that "subsection [7cc](8) gives the Department the discretion to waive principle residence denial interest subject to the specific requirements of subsection (5) . . .." Respondent concludes that because MCL 211.7cc(5) clearly refers to a rescission form, and § 7cc(8) refers to § 7cc(5), the filing of 2602 is the request "in writing" to be made by petitioners as a prerequisite to respondent exercising its discretion to waive the interest on a corrected tax bill.

> The department of treasury may review the validity of exemptions for the current calendar year and for the 3 immediately preceding calendar years. *Except as otherwise provided in subsection (5),* if the department of treasury determines that the property is not the principal residence of the owner claiming the exemption, the department shall send a notice of that determination to the local tax collecting unit and to the owner of the property claiming the exemption, indicating that the claim for exemption is denied, stating the reason for the denial, and advising the owner claiming the exemption of the right to appeal the determination to the department of treasury and what those rights of appeal are. [MCL 211.7cc(8)].

"In writing" is not defined within the GPTA. When a statute does not define a word, we presume the Legislature intended the word to have its plain and ordinary meaning, which we may discern by consulting a dictionary. *Autodie, LLC v City of Grand Rapids*, 305 Mich App 423, 434; 852 NW2d 650 (2014). In relevant part, *Merriam-Webster's Collegiate Dictionary* (11th ed) defines "writing" as "letters or characters that serve as visible signs of ideas, words, or symbols," and "a letter, note, or notice used to communicate or record." "When the Legislature uses different words, the words are generally intended to connote different meanings." *United States Fidelity Ins & Guar Co v Mich Catastrophic Claims Ass'n*, 484 Mich 1, 14; 795 NW2d 101 (2009). "In writing" is used twice in MCL 211.7cc in connection with the PRE. See MCL 211.7cc(8) and 7cc(22). "Rescission form" is used three times in the statute, also in regard to the PRE. See MCL 211.7cc(5), 7cc(15) and 7cc(18). The Legislature's use of "rescission form," elsewhere in the statute shows that when it wishes to condition the effect of a statutory provision on the filing of a prescribed form, it does so in plain words.[5] Thus, had the Legislature wanted to restrict the discretionary waiver of interest to when an owner has used form 2602 to request rescission of the PRE, § 7cc(8) would refer to the assessor's failure to rescind an exemption upon the filing of "a rescission form prescribed by the department," instead of simply a "writing." That the Legislature chose not to do so evinces its intent for "writing" to mean something broader than a specific rescission form. See *Id*. at 14. We also cannot overlook the fact that respondent's form 4813 allows a tax assessor requesting an interest waiver to attach to his or her

---

[5] See, e.g., MCL 211.7cc(5) ("conditional rescission form").

affidavit either form 2602 *or other similar request to rescind the exemption*. Given the broad definitions of "writing" and explicit reference to "rescission form" elsewhere in the statute, we conclude that under MCL 211.7cc(8), "in writing" clearly encompasses more than form 2602. See *Farrington v Total Petroleum Inc*, 442 Mich 201, 210; 501 NW2d 76 (1993) ("Courts cannot assume that the Legislature inadvertently omitted from one statute the language that it placed in another statute, and then, on the basis of that assumption, apply what is not there.").

We also consider "the context in which the words are used," *Hyslop v Wojjusik*, 252 Mich App 500, 505; 652 NW2d 517 (2002), as well as the placement of words in the statutory scheme, *Estate of Ketchum v Dept of Health & Human Services*, ___ Mich App ___; ___ NW2d ___ (2016) (Docket No. 324741); slip op at 9. "Although a phrase or a statement may mean one thing when read in isolation, it may mean something substantially different when read in context. Thus, the various words and clauses of a statute will not be divorced from those words preceding and following." *Hines v Volkswagen of Am, Inc*, 265 Mich App 432, 438; 695 NW2d 84 (2005) (internal citation omitted). When read in its entirety, MCL 211.7cc(8) clearly places the responsibility to file a form prescribed by the department on the tax assessor, and the responsibility to request in writing that the exemption be rescinded on the property owner. The Legislature could have easily required that the property owner also use a form prescribed by the department to request that the exemption be rescinded, but it did not. Plainly read, we do not see that intent in § 7cc(8). The MTT's holding "that a waiver request based on an assessor's failure to rescind is limited to requests resulting from the filing of a proper rescission form" is contradicted by the plain language of MCL 211.7cc(8) and the Legislature's use of "rescission form" elsewhere in the statute.

This interpretation is not inconsistent with MCL 211.7cc(5)'s requirement that an owner file form 2602 within 90 days of the subject property's loss of its PRE eligibility. Clearly, the Legislature wanted an owner to use form 2602 when a PRE was no longer valid, having authorized a $200 penalty when that form is not filed as required. MCL 211.7cc(5). But to hold that the Legislature intended to preclude assessors from rescinding a PRE when so requested by an owner simply because he or she did not use the preferred form would be to overextend the specificity set forth in MCL 211.7cc(5).

Petitioners also argue that the MTT erred in concluding that respondent did not abuse its discretion in denying their waiver request. We agree. An error of law necessarily constitutes an abuse of discretion. *Kidder v Ptacin*, 284 Mich App 166, 170; 771 NW2d 806 (2009). The decision of the MTT was based upon an erroneous determination that, as a matter of law, it could not properly process an interest waiver request where form 2602 was not filed. As discussed above, this was an incorrect interpretation of the pertinent statute. Accordingly, respondent abused its discretion under MCL 211.7cc(8). *Id*. at 170. The MTT erred in concluding otherwise.

For these reasons, we reverse the MTT's judgment and remand this case to respondent for it to process petitioners' interest waiver request.[1] We remand this case with the expectation that respondent will conscientiously fulfill the duty the Legislature entrusted to it to exercise discretion in the matter.

-6-

Reversed and remanded. We do not retain jurisdiction.

/s/ Cynthia Diane Stephens
/s/ Deborah A. Servitto
/s/ Elizabeth L. Gleicher

---

[1] We pass no judgment on whether the form petitioners provided to the assessor in 2007 constitutes a written request for rescission of the PRE. As petitioners conceded, that is for respondent yet to determine.