*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NADIA MARIA PACKARD and TONY R. PACKARD,

        Plaintiffs-Appellants,

v

PAUL THOMAS BROWN,

        Defendant-Appellee,

and

WESTFIELD INSURANCE COMPANY,

        Defendant.

UNPUBLISHED
August 22, 2019

No. 344720
Monroe Circuit Court
LC No. 18-140616-NI

Before: SHAPIRO, P.J., and GLEICHER and SWARTZLE, JJ.

PER CURIAM.

In Michigan, it is not possible to sue a deceased person. It is possible to sue the estate of a deceased person, but only after the appropriate probate court has opened a decedent's estate. Because the plaintiff in this case sued a person whom she knew to be deceased, and only later opened a decedent's estate in probate court, this lawsuit was not properly commenced. Furthermore, although the limitations period was suspended for four months following the decedent's death, it resumed after that time, and plaintiff never filed suit against the estate. We therefore affirm the trial court's order dismissing plaintiff's action because it is barred by the applicable limitations period.

## I. BACKGROUND

This case arises from a January 8, 2015 motor-vehicle accident. Plaintiffs, Nadia Packard and Tony Packard, allege that defendant Paul Brown was at fault in causing the accident. Although both plaintiffs joined in filing the lawsuit, Tony Packard alleged only a claim for loss of consortium. Because his claims are derivative of his wife's claims, this opinion will refer to

-1-

Nadia Packard as plaintiff, in the singular only. Moreover, there are two trial-court actions relevant to this appeal, a probate matter in Lenawee Probate Court and a civil action in Monroe Circuit Court. This is an appeal from the Monroe Circuit Court, and, therefore, that court is referred to as the trial court.

On June 3, 2017, Brown died. Six months later, on January 3, 2018, plaintiff filed a complaint against two defendants: Brown and plaintiff's insurance carrier, Westfield Insurance Company. Plaintiff alleged claims of negligence and loss of consortium against Brown and alleged claims for uninsured and underinsured motorist coverage against Westfield. Plaintiff filed the complaint only five days before the expiration of the three-year limitations period contained in MCL 600.5805(10) (actions for damages for injury to a person).[1]

When plaintiff filed the lawsuit, she knew that Brown was deceased. Plaintiff's complaint alleged that Brown, "at all times pertinent hereto, *was* an individual residing in the Township of Riga, County of Lenawee, State of Michigan" (emphasis added). In her brief on appeal, plaintiff concedes that she learned of Brown's death in November 2017.

Plaintiff explored the possibility of opening an estate for Brown in the applicable probate court, before the filing of her lawsuit, so that she could file the lawsuit against the estate. Plaintiff determined, however, that the probate court would not open an estate and issue letters of authority to a personal representative before January 8, 2018. Given this, plaintiff decided to file a lawsuit against Brown personally, even though she knew that he was deceased, and subsequently open a decedent's estate in the probate court.

On January 12, 2018, nine days after she filed the complaint, plaintiff filed a statement in the trial court revealing Brown's death, under MCR 2.202(A)(1)(b). We note that plaintiff did not file the statement revealing Brown's death contemporaneously with the complaint, even though she knew that Brown was deceased well before she filed the complaint. In that statement, plaintiff notified the trial court that Brown died on June 3, 2017, in Lenawee County, Michigan, and that a search of the Lenawee County probate court records confirmed that an estate had not yet been opened.

On January 23, 2018, the Lenawee Probate Court opened a decedent's estate for Brown and issued letters of authority for personal representative, naming plaintiff's counsel, Gary Bloom, as the personal representative of the estate. On January 26, 2018, plaintiff's counsel served Brown's copy of the summons and complaint on plaintiff's counsel, acting in his capacity as the personal representative of Brown's estate. Plaintiff's counsel then notified Brown's

---

[1] The Legislature amended MCL 600.5805 through 2018 PA 183, effective June 12, 2018. When the trial court considered plaintiff's motion, the portion of the statute containing the three-year limitation period applicable to plaintiff's claim was MCL 600.5805(10). After the 2018 amendments, the three-year limitations period was renumbered as MCL 600.5805(2). The amendments to the statute are not material to the questions presented in this case.

insurer of the existence of the lawsuit and the insurer hired legal counsel to appear in this matter, ostensibly on Brown's behalf.

On February 6, 2018, more than three years after the date of the motor-vehicle accident, plaintiff filed a motion for substitution of party. Plaintiff alleged that the motion was authorized under MCR 2.202 and MCL 600.5852. Plaintiff claimed, "Prior to service of the summons and complaint," plaintiff learned that Brown had died and that no probate estate had been opened on Brown's behalf. In addition, plaintiff stated that she had opened a probate estate for Brown in the Lenawee Probate Court and that the probate court had appointed Bloom as personal representative of the estate. Plaintiff requested that the trial court substitute Brown's estate as the defendant in this case and issue a new summons in the name of the estate so that plaintiff could effectuate service on the estate. This request for a new summons in the name of the estate appears to be an implicit recognition that service of Brown's copy of the summons and complaint on the personal representative of the estate was improper and that service on an existing defendant had not yet been accomplished.

Westfield filed a brief opposing plaintiff's motion for substitution of party, arguing that the trial court should deny the motion "because of the obvious conflict of interest" created by the appointment of plaintiff's counsel as personal representative of Brown's estate. Westfield argued that plaintiff and her counsel were creditors of the estate and, therefore, the probate court should not have appointed plaintiff's counsel as personal representative of the estate. Before the trial court heard oral argument on plaintiff's motion for substitution of party, plaintiff filed a stipulation to dismiss Westfield from the lawsuit. In accordance with that stipulation, the trial court entered an order dismissing Westfield from the case, with prejudice, based on the parties' stipulation.

Counsel for Brown's insurer then filed an appearance in this case, purportedly on behalf of Brown. Counsel for Brown's insurer also filed an answer to plaintiff's complaint, affirmative defenses, and a reliance on plaintiff's jury demand. The trial court never addressed whether counsel for Brown's insurer properly represented Brown, given that Brown was deceased, the probate court had opened a decedent's estate for Brown and appointed a personal representative for that estate, and counsel for Brown's insurer clearly did not represent the estate. It is unclear to this Court how counsel for Brown's insurer could have validly represented Brown in the trial court, when Brown died over eight months before counsel became involved in the lawsuit.

Regardless, counsel for Brown's insurer filed a response opposing plaintiff's motion seeking substitution of a party. Counsel argued that plaintiff's action was barred by the running of the three-year limitations period and that the tolling provision of MCL 600.5852(1) did not apply. Counsel also argued that a conflict of interest existed because plaintiff's counsel had been appointed as personal representative of the estate, and plaintiff's counsel was therefore attempting to represent simultaneously both the plaintiff and the defendant. Counsel also argued that the Monroe Circuit Court somehow had authority to remove the personal representative appointed by the Lenawee Probate Court.

During a hearing held on March 21, 2018, the trial court considered plaintiff's motion to substitute Brown's estate as the defendant in this case. At the hearing, the trial court indicated that it denied plaintiff's motion, but the trial court did not enter a written order memorializing

that decision until May 2, 2018. Plaintiff's request to substitute Brown's estate as defendant was before the trial court on at least two additional occasions, styled as a "re-motion" for substitution of the estate as defendant. After conducting an additional hearing, the trial court denied plaintiff's motion and dismissed the lawsuit. The trial court held that the limitations period had expired before the probate court opened the estate and appointed a personal representative.

Plaintiffs appeal as of right the trial court's order denying the re-motion for substitution of a party and dismissing this lawsuit.

## II. ANALYSIS

### A. STANDARDS OF REVIEW

This Court reviews a trial court's ruling on a motion for substitution for an abuse of discretion. *Mather Investors, LLC v Larson*, 271 Mich App 254, 260; 720 NW2d 575 (2006). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Pirgu v United Servs Auto Ass'n*, 499 Mich 269, 274; 884 NW2d 257 (2016). When a trial court's decision is grounded in an erroneous interpretation or application of the law, it results in an abuse of discretion. See *Denton v Dep't of Treasury*, 317 Mich App 303, 314; 894 NW2d 694 (2016). Although the trial court did not identify the court rule under which it dismissed plaintiff's action, it appears that the trial court acted under MCR 2.116(I). We review de novo a trial court's ruling under MCR 2.116(I). *Sherry v East Suburban Football League*, 292 Mich App 23, 34; 807 NW2d 859 (2011).

To the extent this appeal requires this Court to interpret statutory language, "[t]he rules of statutory interpretation are well established." *Pike v Northern Mich Univ*, ___ Mich App ___, ___; ___ NW2d ___ (2019) (Docket No. 344083); slip op at 6, lv pending.

> [This Court's] primary goal when interpreting a statute is to discern the legislative intent and the specific language used is the most reliable evidence of its intent. Thus, when the language of a statute is unambiguous, no judicial construction is permitted and the statute must be enforced as written in accordance with the plain and ordinary meaning of its words. [*Id*. (citations omitted).]

This Court interprets court rules using the same principles that govern the interpretation of statutes. *Marketos v American Employers Ins Co*, 465 Mich 407, 412-413; 633 NW2d 371 (2001).

Plaintiff also raises a claim that the trial court did not have subject-matter jurisdiction to challenge the letters of authority issued by the Lenawee Probate Court. A party may raise a challenge to the trial court's subject-matter jurisdiction at any time, and such a challenge presents a question of law that we review de novo. *Adams v Adams*, 276 Mich App 704, 708-709; 742 NW2d 399 (2007).

### B. JURISDICTION OVER APPOINTMENT OF PERSONAL REPRESENTATIVE

On appeal, plaintiff argues that the trial court lacked jurisdiction to challenge the decision of the Lenawee Probate Court appointing plaintiff's counsel as personal representative of

Brown's estate. MCL 700.1302(a)(ii) establishes that the probate court has exclusive legal and equitable jurisdiction over the administration and settlement of an estate, and the appointment of a personal representative is clearly part of the administration and settlement of an estate. See MCL 700.3202. Therefore, the trial court in this case had no authority to disturb the probate court's appointment of plaintiff's counsel as the personal representative for Brown's estate.

Yet, despite its expression of disagreement with the probate court's appointment of plaintiff's counsel as personal representative for the estate, the trial court did not attempt to remove the personal representative and did not base its denial of plaintiff's motion for substitution of party on this ground. Therefore, the fact that the trial court lacked jurisdiction over the appointment of the personal representative is irrelevant to our review of the trial court's ruling denying plaintiff's motion for substitution of party and dismissing the lawsuit based on the expiration of the limitations period.

Plaintiff represents on appeal that the probate court appointed a successor personal representative after the trial court's ruling and after the filing of this appeal. Because this information is not part of the record on appeal, we decline to consider it. In any event, the appointment of a successor personal representative is not relevant to the question whether plaintiff's action is barred by the applicable limitations period.

### C. PLAINTIFF IMPROPERLY SUED A DECEASED PERSON

Plaintiff argues on appeal that the trial court abused its discretion in denying her request to substitute Brown's estate as defendant. A close review of the trial court's ruling from the June 20, 2018 hearing reflects its determination that plaintiff should have named the estate as a defendant, instead of naming the decedent as a defendant in the complaint. The trial court's conclusion was formed based on a correct interpretation of the Michigan Court Rules, which address a party's capacity to be sued. MCR 2.201 provides in pertinent part:

(C) Capacity to Sue or Be Sued

(1) A *natural person* may sue or be sued in his or her own name. [Emphasis added.]

Plaintiff cites no authority for the proposition that it is possible to sue a deceased person in the courts of the state of Michigan.

This Court considered a similar situation in *Potter v Devine*, unpublished per curiam opinion of the Court of Appeals, issued June 20, 2013 (Docket No. 308878). In that case, the plaintiff sued an individual for injuries allegedly sustained in a motor-vehicle accident. Unbeknownst to the plaintiff, the individual defendant passed away approximately six months before the plaintiff filed her lawsuit. *Id*. at 1-2. This Court concluded unequivocally that "a deceased person cannot participate in litigation" and "a deceased person cannot be sued as a matter of law." *Id*. at 4. We agree with the analysis in *Potter* on this point of law. *Paris Meadows, LLC v Kentwood*, 287 Mich App 136 n 3; 783 NW2d 133 (2010) (explaining that, although an unpublished opinion is not precedentially binding, MCR 7.215(C)(1), such an opinion can be considered instructive or persuasive).

Plaintiff filed this action against Brown, a deceased person, although the record is clear that plaintiff, when she filed the complaint, was aware that Brown was deceased. Therefore, at the time she filed her complaint, the named defendant, Brown, did not have the capacity to be sued because Brown was no longer a natural person who could "sue or be sued in his or her own name." MCR 2.201(C)(1). On the date when she filed this lawsuit, Brown's estate had not yet been opened, and plaintiff did not file the lawsuit in the name of the estate. Furthermore, although plaintiff argues on appeal that she filed the lawsuit against Brown "in anticipation of the probate estate being opened," this is in direct violation of MCL 700.3104(1), which states that "a proceeding to enforce a claim against a decedent's estate or the decedent's successors shall not be revived or commenced before the appointment of a personal representative."

Our Supreme Court made clear the proper procedure in *Williams v Grossman*, 409 Mich 67, 81; 293 NW2d 315 (1980), where the Court explained, "An action against a decedent is maintained by naming his personal representative as the defendant. If administration has not been sought by a spouse or other family member, a creditor may seek to have an administrator appointed." Thus, suing the decedent himself is inappropriate and ineffectual. Instead, a plaintiff must first petition the probate court for the opening of a decedent's estate and the appointment of a personal representative, and then the plaintiff may file a lawsuit against the estate for the allegedly tortious conduct of the decedent.

To the extent the trial court recognized that the complaint filed by plaintiff did not comply with the court rules—because it named a deceased person as a party—the trial court's conclusion was correct as a matter of law. See MCR 2.201(C)(1); MCR 2.202(A)(1)(b). Plaintiff's lawsuit against Brown was not properly commenced because Brown was already deceased when plaintiff filed the lawsuit. Plaintiff even admits in her brief on appeal that her "manner of pursuing [her] claims was procedurally imperfect," and we agree with that assessment.

## D. WAS PLAINTIFF'S CAUSE OF ACTION TIME-BARRED?

Plaintiff maintains, however, that even in the face of this "procedural[] imperfect[ion]," the trial court should have allowed the substitution of the later-created estate as a defendant in place of Brown. The trial court denied plaintiff's motion based on its conclusion that the three-year limitations period applicable to the action expired before the estate was created.

On appeal from this ruling, plaintiff essentially argues that the three-year limitations period was tolled by her improper filing of a lawsuit against a deceased person, and the opening of the decedent's estate after the expiration of the limitations period should somehow relate back to the date of her improper filing. We conclude that the three-year limitations period applicable to this action was suspended by operation of MCL 700.3802 and that it expired on May 8, 2018. Yet, because a deceased person cannot be sued as a matter of law and because plaintiff never filed suit against the decedent's estate, we conclude that plaintiff's action was nonetheless barred by the expiration of the limitations period.

## 1. MCL 600.5852(1)

When the trial court issued its decision in this matter, the applicable statute of limitations for plaintiff's claim was set forth in MCL 600.5805(10) (now MCL 600.5805(2)). The statute provided in pertinent part:

> (1) A person shall not bring or maintain an action to recover damages for injuries to persons or property unless, after the claim first accrued to the plaintiff or to someone through whom the plaintiff claims, the action is commenced within the periods of time prescribed by this section.
>
> * * *
>
> (10) Except as otherwise provided in this section, the period of limitations is 3 years after the time of the death or injury for all actions to recover damages for the death of a person or for injury to a person or property. [MCL 600.5805.]

In the trial court, plaintiff argued that MCL 600.5852(1) tolled the running of the limitations period. The statute provides:

> If a person dies before the period of limitations has run or within 30 days after the period of limitations has run, an action that survives by law may be commenced by the personal representative of the deceased person at any time within 2 years after letters of authority are issued although the period of limitations has run. [MCL 600.5852(1).]

As counsel for Brown's insurer pointed out in the trial court, this statute is clearly inapplicable to plaintiff's lawsuit. The statute authorizes *the personal representative of an estate* an additional two years in which to file an action, despite the expiration of the applicable limitations period for that action, if the decedent passed away either before the limitations period expired or within 30 days after the limitations period expired. This is not a lawsuit brought by the personal representative of an estate for injuries to the decedent, and MCL 600.5852(1) does not toll the running of the limitations period in this case.

## 2. MCL 600.5856

On appeal, plaintiff argues that the running of the three-year limitations period should be tolled because she filed her complaint against the decedent with the intent of later substituting the estate for the decedent. To toll the limitations period, a plaintiff must satisfy the requirements of MCL 600.5856. The statute provides in pertinent part:

> The statutes of limitations or repose are tolled in any of the following circumstances:
>
> (a) At the time the complaint is filed, if a copy of the summons and complaint are served on the defendant within the time set forth in the supreme court rules.

-7-

(b) At the time jurisdiction over the defendant is otherwise acquired. [MCL 600.5856.]

The filing of a complaint alone does not toll the applicable statute of limitations. "[I]f one does not perform any actions specified by § 5856, the statute of limitations is not tolled and therefore the period of limitations continues to run after the complaint has been filed." *Gladych v New Family Homes, Inc*, 468 Mich 594, 598-599; 664 NW2d 705 (2003). In this case, plaintiff did not satisfy the requirements of MCL 600.5856. Although plaintiff filed a complaint, she did not serve it on Brown—it was physically impossible to do so because Brown was already deceased. Furthermore, the trial court never acquired jurisdiction over Brown because he was already deceased when plaintiff filed the complaint. Therefore, the limitations period was not tolled by MCL 600.5856(a) or (b). See *Potter*, unpub op at 5.

### 3. MCL 700.3802(2)

Plaintiff briefly argues on appeal that the three-year limitations period was "suspended" when Brown died by operation of MCL 700.3802(2). An issue is not preserved for appeal unless it was presented to and decided by the trial court, *Forest Hills Coop v Ann Arbor*, 305 Mich App 572, 615; 854 NW2d 172 (2014), and appellate consideration of unpreserved claims of error is disfavored, *People v Frazier*, 478 Mich 231, 241; 733 NW2d 713 (2007). Plaintiff did not raise the potential applicability of this statutory section in her trial-court briefing. Plaintiff did, however, briefly mention the statute during oral argument on her motion for substitution of party, in the context of arguing that a personal representative of an estate is permitted to bring a claim against the estate.

Because plaintiff did not directly raise the potential applicability of this statutory section in the trial court, and the trial court therefore did not decide the issue, this argument is unpreserved for appellate review. Yet, this Court "may review an unpreserved issue if it is an issue of law for which all the relevant facts are available." *Vushaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 519; 773 NW2d 758 (2009). Therefore, we will briefly address the issue.

MCL 700.3802 provides, in pertinent part:

(1) Unless an estate is insolvent, the personal representative, with the consent of all interested persons whose interests would be affected, may waive a statute of limitations defense available to the estate. If a statute of limitations defense is not waived, a claim that was barred by a statute of limitations at the time of the decedent's death shall not be allowed or paid.

(2) The running of a statute of limitations measured from an event other than death or publication for a claim against a decedent is suspended during the 4 months following the decedent's death but resumes after that time as to a claim not barred under this part.

First, we note that the first sentence of MCL 700.3802(1) does not apply in this case because plaintiff has presented no evidence that the personal representative of the estate waived

-8-

the statute of limitations defense to this action. When the personal representative has not waived the statute of limitations defense, MCL 700.3802(1) provides that plaintiff's claim "shall not be allowed or paid" if the claim "was barred by a statute of limitations at the time of the decedent's death." Because the limitations period in this case did not expire until after Brown's death, the claim was not "barred by a statute of limitations at the time of the decedent's death," and the second sentence of MCL 700.3802(1) does not apply.

Because MCL 700.3802(1) does not bar plaintiff's claim, MCL 700.3802(2) provides that the running of the limitations period was "suspended" during the four months following Brown's death. Therefore, the limitations period was suspended from June 3, 2017 to October 3, 2017, at which time it began to run again, and it subsequently expired on May 8, 2018—four months later than it would have expired but for Brown's death. See *Potter*, unpub op at 6.

Yet, critically, plaintiff never sued the estate. Plaintiff's January 3, 2018 filing of this lawsuit against Brown cannot serve as the filing of a lawsuit against Brown's estate because "a proceeding to enforce a claim against a decedent's estate . . . shall not be commenced before the appointment of a personal representative," which occurred on January 23, 2018. Nothing the trial court did in this case precluded plaintiff from filing a separate lawsuit against the estate before May 8, 2018. Although the three-year limitations period applicable to this action was suspended by operation of MCL 700.3802(2), plaintiff did not file suit against the estate before the limitations period expired. Therefore, MCL 700.3802(2) does not save plaintiff's lawsuit.

## III. CONCLUSION

We affirm the trial court's ruling that plaintiff's action is barred by the expiration of the statutory-limitations period. Plaintiff's lawsuit against Brown was not properly commenced because Brown was already deceased when plaintiff filed the lawsuit, and it is not possible to sue a deceased person in Michigan. Plaintiff's filing of the improper complaint against Brown cannot qualify as the filing of a complaint against the estate, which did not yet exist on the date the complaint was filed, because "a proceeding to enforce a claim against a decedent's estate or the decedent's successors shall not be revived or commenced before the appointment of a personal representative." MCL 700.3104(1). Although the limitations period was suspended during the four months following the decedent's death, it resumed after that time, and plaintiff did not file suit against the estate before that extended limitations period expired. Therefore, plaintiff's action is barred by the expiration of the statutory limitations period, and the trial court correctly denied plaintiff's motion for substitution of party and correctly dismissed the lawsuit in its entirety.

Affirmed. Defendant, having prevailed in full, may tax costs under MCR 7.219(F).

/s/ Douglas B. Shapiro
/s/ Elizabeth L. Gleicher
/s/ Brock A. Swartzle