*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ROBERT LEWIS,

        Plaintiff-Appellee,

v

TARANVIR SINGH,

        Defendant-Appellant.

UNPUBLISHED
October 08, 2024
9:54 AM

No. 365251
Wayne Circuit Court
LC No. 19-009497-NI

Before: BOONSTRA, P.J., and JANSEN and N. P. HOOD, JJ.

PER CURIAM.

In this negligence action arising from a motor-vehicle collision, defendant appeals by leave granted[1] the trial court's order denying his motion to set aside a default judgment under MCR 2.603(D)(1) and MCR 2.612(C)(1). We reverse.

Plaintiff was involved in a motor-vehicle collision on July 20, 2016. Plaintiff's vehicle collided with a trailer pulled by a tractor. The driver of the tractor provided an insurance binder to plaintiff containing the vehicle identification number (VIN) for the trailer. A VIN search was conducted through the Secretary of State to identify the owner of the trailer. The search revealed that, on the date of the collision, the trailer was owned and registered to defendant. Plaintiff then contacted the United States Postal Service (USPS) to determine defendant's address. The USPS verified that defendant's current address was in Canton. Accordingly, plaintiff served defendant with the summons and complaint at the Canton address. The proof of service indicated that the complaint was served via certified mail and required restricted delivery and a return receipt. The proof of service stated that "an individual" signed the return receipt, but did not specify who signed it. The signature on the return receipt was illegible.

Defendant did not respond to the complaint or otherwise engage in the lawsuit. Plaintiff contacted Great American Insurance Group because Great American was the insurance company

---

[1] *Lewis v Singh*, unpublished order of the Court of Appeals, entered September 11, 2023 (Docket No. 365251).

listed in the binder that the driver of the trailer gave to plaintiff at the scene of the collision. Great American stated that it did not have any policies in effect for the trailer or defendant at the time of the accident. Great American also sent its response to defendant at the Canton address and a Westland address. Defendant still did not engage in the lawsuit.

The trial court eventually entered a default judgment against defendant in the amount of $150,000. Approximately six weeks after defendant's bank account was depleted by a writ of garnishment, defendant moved to set aside the default judgment, arguing that he did not learn of the lawsuit until after his bank account was garnished. Specifically, defendant argued that the trial court should set aside the default judgment because defendant's motion was timely filed, defendant did not receive proper service of process, and the trial court lacked personal jurisdiction over defendant. The trial court denied defendant's motion after finding that defendant received proper service of process, defendant failed to demonstrate good cause for his failure to engage in the lawsuit because he had notice of the lawsuit via the letter from Great American, and defendant failed to establish a meritorious defense because the title to the trailer was registered in his name at the time of the collision.

On appeal, defendant first argues that his motion to set aside the default judgment was timely. We agree. "This Court reviews a trial court's ruling on a motion to set aside a default judgment for an abuse of discretion." *Brooks Williamson & Assoc, Inc v Mayflower Constr Co*, 308 Mich App 18, 24; 863 NW2d 333 (2014). "An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes." *Reed-Pratt v Detroit City Clerk*, 339 Mich App 510, 516; 984 NW2d 794 (2021). "[A]lthough the law favors the determination of claims on the merits, it also has been said that the policy of this state is generally against setting aside defaults and default judgments that have been properly entered." *Brooks*, 308 Mich App at 25 (quotation marks and citation omitted).

Plaintiff argues that defendant's motion was barred by the one-year time limit in MCR 2.612(B). However, MCR 2.612(B) only applies to defendants over whom the trial court acquired personal jurisdiction. As discussed later, the trial court did not acquire personal jurisdiction over defendant. Therefore, this court rule is inapplicable in this case.

The parties also dispute whether the one-year limitation in MCR 2.612(C)(2) applies to defendant's motion to set aside the default judgment. MCR 2.612(C)(2) provides that a motion for relief from judgment "must be made within a reasonable time, and, for the grounds stated in subrules (C)(1)(a), (b), and (c), within one year after the judgment, order, or proceeding was entered or taken." In his motion, defendant did not specify which subpart of MCR 2.612(C)(1) he believed entitled him to relief. Therefore, we look at the substance of defendant's arguments to determine under which subrules of MCR 2.612(C)(1) defendant's arguments fall.

MCR 2.612(C)(1) provides that a trial court may grant relief from judgment on the following grounds:

> (a) Mistake, inadvertence, surprise, or excusable neglect.

> (b) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under MCR 2.611(B).

(c) Fraud (intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.

(d) The judgment is void.

(e) The judgment has been satisfied, released, or discharged; a prior judgment on which it is based has been reversed or otherwise vacated; or it is no longer equitable that the judgment should have prospective application.

(f) Any other reason justifying relief from the operation of the judgment.

Defendant argues that he was entitled to relief from judgment because the trial court lacked personal jurisdiction over him and because plaintiff failed to notify defendant that the default was entered. Though defendant did not raise the latter argument in the trial court, we will still analyze that issue as though it were raised in defendant's motion for purposes of assessing the timeliness of defendant's motion. Defendant's personal-jurisdiction argument falls under MCR 2.612(C)(1)(d) because a trial court's judgment concerning a party over which it lacks personal jurisdiction is void. See *Brooks*, 308 Mich App at 26 ("A court cannot adjudicate an in personam controversy without first having obtained jurisdiction over the defendant by service of process.") (quotation marks, brackets, and citation omitted).

Defendant's other argument does not fall under MCR 2.612(C)(1)(a) through (e). However, a plaintiff's failure to notify a defendant about the entry of a default independently establishes good cause to set aside a default judgment. See *ISB Sales Co v Dave's Cakes*, 258 Mich App 520, 533-534; 672 NW2d 181 (2003) (explaining that a party's failure to comply with the notice requirements of MCR 2.603(A)(2) constitutes good cause to set aside a default judgment). Accordingly, defendant's notice argument falls under MCR 2.612(C)(1)(f) because it provides a reason to justify relief from a default judgment that does not fall under MCR 2.612(C)(1)(a) through (e). See *Heugel v Heugel*, 237 Mich App 471, 482-483; 603 NW2d 121 (1999) (stating that MCR 2.612(C)(1)(f) is applicable when the subject argument presents a ground for relief that does not fall under MCR 2.612(C)(1)(a) through (e)). Therefore, because neither of defendant's arguments fell under MCR 2.612(C)(1)(a) through (c), they were not subject to the one-year requirement in MCR 2.612(C)(2).

Though both of defendant's arguments were exempt from the one-year requirement in MCR 2.612(C)(2), they were subject to the reasonable-time requirement in MCR 2.612(C)(2). Defendant filed his motion for relief from judgment roughly 17 months after the trial court entered the default judgment. Whether a motion was filed within a reasonable time depends on the circumstances of the case. *Laffin v Laffin*, 280 Mich App 513, 521 n 1; 760 NW2d 738 (2008). When a defendant learned of a default judgment is relevant to whether a motion to set aside the default judgment was filed within a reasonable amount of time. See *Wolf v Mahar*, 308 Mich App 120, 129; 862 NW2d 668 (2014) (considering the date when the defendant learned of the default judgment in determining whether his motion to set aside the default judgment was filed within a reasonable amount of time).

As discussed later, defendant did not receive proper service of process for the summons and complaint. Accordingly, it appears defendant did not know about the complaint when it was

filed. Defendant claims that he first learned of this lawsuit after his bank account was garnished in June 2022. Taking as true defendant's claim that he lived in Westland during the pendency of this case—necessitating the assumption that defendant failed to update his address with the USPS—the only piece of mail discussing this lawsuit that was sent to defendant's proper address before the garnishment was Great American's letter. It is possible that defendant discarded that letter without reading it because Great American was not defendant's insurer.

Because nothing in the lower court record appears to contradict defendant's claim that he first learned about the lawsuit when the garnishment occurred, in the interest of justice, we conclude for purposes of this issue that defendant resided in Westland during the times relevant to this case, as stated in his affidavit, and that he first learned about the lawsuit when his bank account was garnished. In this scenario, it is evident that defendant's motion to set aside the default judgment was filed within a reasonable amount of time because it came roughly six weeks after he received notice of the lawsuit. That six weeks was a reasonable amount of time in this case is evident because defendant needed to obtain legal representation, discuss the case for the first time with counsel, and then wait for counsel to draft and file the motion. Accordingly, defendant's motion to set aside the default judgment was timely under MCR 2.612(C)(2).

Defendant next argues that the trial court abused its discretion by denying his motion to set aside the default judgment because the trial court lacked personal jurisdiction over defendant to enter the default judgment. We agree. The trial court's order of default judgment was void because it lacked personal jurisdiction over defendant. Therefore, the trial court abused its discretion by denying defendant's motion to set aside the default judgment on this jurisdictional basis.

"This Court reviews a trial court's ruling on a motion to set aside a default judgment for an abuse of discretion." *Brooks*, 308 Mich App at 24. "An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes." *Reed-Pratt*, 339 Mich App at 516. This Court reviews de novo whether a court had personal jurisdiction over a party. *City of Fraser v Almeda Univ*, 314 Mich App 79, 86; 886 NW2d 730 (2016).

Defendant argues that the trial court lacked personal jurisdiction over him because he did not receive proper service of process of the summons and complaint, and this resulted in the default judgment being void. "A court cannot adjudicate an in personam controversy without first having obtained jurisdiction over the defendant by service of process." *Brooks*, 308 Mich App at 26 (quotation marks, brackets, and citation omitted).

MCR 2.105(A) provides the following rules for service on individuals:

Process may be served on a resident or nonresident individual by

(1) delivering a summons and a copy of the complaint to the defendant personally; or

(2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return

receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

It is undisputed that a copy of the summons and complaint was sent to defendant at the Canton address by certified mail with restricted delivery and a return receipt requirement. The summons and complaint were delivered at the Canton address on July 17, 2019. The USPS verified that the Canton address was defendant's registered address at the time the summons and complaint were served. The parties dispute whether defendant acknowledged receipt of the mail and signed the return receipt. The illegibility of the signature on the receipt makes it difficult to determine what name the signature represents. However, the signature does not appear to begin with a "T" and seems to have either an "l" or "d" in the signature, neither of which appear in defendant's name. Moreover, the signature on the return receipt does not resemble defendant's signature on his affidavit.

The only evidence in the lower court record purporting to establish that defendant acknowledged receipt of the summons and complaint and signed the return receipt is the illegible signature on the return receipt. Defendant did not engage in the lawsuit or otherwise demonstrate he acknowledged receipt of the summons and complaint per MCR 2.105(A)(2). Because the signature appears to be inconsistent with defendant's name and defendant did not otherwise acknowledge receipt of the summons and complaint, we conclude that plaintiff failed to render proper service of process on defendant by acquiring a return receipt that was signed by defendant and demonstrating that defendant acknowledged receipt of the mail.

Defendant was not required to demonstrate good cause or a meritorious defense for the trial court to grant his motion to set aside the default judgment on the basis that the trial court did not have personal jurisdictional over defendant. See MCR 2.603(D)(1) (explaining that the good-cause and meritorious-defense requirements do not apply when a motion to set aside a default judgment is premised on a "lack of jurisdiction over the defendant"). The default judgment was void because the trial court lacked personal jurisdiction over defendant when it entered the default judgment. See *Lawrence M Clarke, Inc v Richco Constr, Inc*, 489 Mich 265, 274; 803 NW2d 151 (2011) (explaining that courts must have personal jurisdiction over a defendant to adjudicate an in personam controversy). A decision to honor a void judgment falls outside the range of reasonable and principled outcomes. See *Denton v Dep't of Treasury*, 317 Mich App 303, 314; 894 NW2d 694 (2016) ("An error of law necessarily constitutes an abuse of discretion."). Accordingly, the trial court abused its discretion when it denied defendant's motion to set aside the default judgment under MCR 2.612(C)(1)(d).

Finally, defendant argues that the trial court abused its discretion by denying defendant's motion to set aside the default judgment because plaintiff failed to notify defendant of the entry of the default. Michigan follows the raise or waive rule which requires litigants to preserve an issue in order to have an appellate court review the issue. *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 359090); slip op at 2. "However, this Court may overlook preservation requirements if the failure to consider the issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented." *Id*. at ___; slip op at 3 (quotation marks and citations omitted).

Manifest injustice would not result if we refuse to consider this issue because defendant has already demonstrated that the trial court's order denying his motion to set aside the default judgment should be reversed for lack of personal jurisdiction. For the same reason, consideration of this issue is not necessary for a proper determination of the case because the lack of personal jurisdiction is sufficient to warrant reversal. Finally, this issue does not present a question of law. Rather, it presents a question of fact regarding whether defendant received notice of the default. Accordingly, none of the grounds for overlooking the preservation requirement apply to this issue. Therefore, we decline to consider this unpreserved issue.

The trial court order denying defendant's motion to set aside the default judgment is reversed. We remand this matter to the trial court to enter an order setting aside the default judgment. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Kathleen Jansen
/s/ Noah P. Hood