*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

BRADLEY FOUCHER,

        Plaintiff-Appellee,

v

MOHAMAD KASSEM, A-1 TOWING AND JUNK
CARS, LLC, A-1 AUTO SALES AND SERVICES,
INC., and ALLSTATE INSURANCE COMPANY,

        Defendants,

and

GRANGE INSURANCE COMPANY OF
MICHIGAN,

        Garnishee Defendant-Appellant.

UNPUBLISHED
July 30, 2020

No. 342478
Wayne Circuit Court
LC No. 16-000084-NI

A-1 TOWING AND JUNK CARS, LLC, and A-1
AUTO SALES AND SERVICES, INC.,

        Plaintiffs-Appellants,

v

GRANGE INSURANCE COMPANY OF
MICHIGAN,

        Defendant-Appellee.

No. 347426
Wayne Circuit Court
LC No. 17-001030-CK

Before: MARKEY, P.J., and M. J. KELLY and BOONSTRA, JJ.

PER CURIAM.

-1-

In Docket No. 342478, garnishee defendant Grange Insurance Company of Michigan (Grange) appeals by right a default judgment entered against Grange and in favor of plaintiff Bradley Foucher. In Docket No. 347426, plaintiffs A-1 Towing and Junk Cars, LLC (A-1 Towing), and A-1 Auto Sales and Services, Inc. (A-1 Auto Sales),[1] appeal by delayed leave granted the trial court's order granting summary disposition in favor of Grange. In Docket No. 342478, we reverse the trial court's order denying Grange's motion to set aside the default judgment. In Docket No. 327426, we affirm the trial court's order granting summary disposition in favor of Grange.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY OF THE TWO CASES

These cases arise out of a motorcycle-automobile accident involving Foucher and Mohamad Kassem on May 2, 2015. Foucher was operating his motorcycle southbound on Telegraph Road when Kassem, who was driving a tow truck, turned onto southbound Telegraph Road in front of Foucher. Foucher was forced to "to lay the motorcycle down to avoid colliding with the tow truck." Foucher's motorcycle did not collide with Kassem's tow truck. Foucher and witnesses stated that Foucher had the green light while traveling southbound on Telegraph Road. Kassem was contacted and admitted that he had been in the area at the time of the accident, but he claimed that he did not realize there had been an accident. The tow truck Kassem was driving had the insignia "A-1 Towing" on the side. Mohsen El-Hadi was the owner and the registered agent of the A-1 Companies. Grange agrees that at the time of the accident, A-1 Towing had an automobile insurance policy with Grange.

In Docket No. 342478, Foucher filed a complaint against, in relevant part, the A-1 Companies, alleging that he sustained injuries as a result of Kassem's negligent driving. Foucher contended that because the A-1 Companies owned the vehicle Kassem was driving and had consented to Kassem's use and operation of the vehicle, the A-1 Companies were liable for Foucher's injuries under the owner's liability statute, MCL 257.401, and the doctrine of respondeat superior. The A-1 Companies were both personally served with the summonses and complaint. When they failed to answer or otherwise respond, a default was entered. Subsequently, Foucher obtained a default judgment against the A-1 Companies on May 12, 2016, for $475,000. The trial court later entered an order to seize the property of the A-1 Companies as part of Foucher's efforts to collect on the judgment. After their property was seized, the A-1 Companies moved to set aside the default judgment, contending that they had no knowledge of the automobile accident or the lawsuit against them. They also argued that they had good cause for failing to answer and a meritorious defense, indicating that they had an automobile insurance policy issued by Grange at the time of the accident.[2]

While the A-1 Companies' motion to set aside the default judgment was pending, on September 9, 2016, Foucher filed a request and writ for nonperiodic garnishment with respect to

---

[1] We shall refer to "A-1 Companies" when speaking jointly of A-1 Towing and A-1 Auto Sales.

[2] During the proceedings, the A-1 Companies eventually chose not to pursue their motion to set aside the default judgment. Instead, they commenced a separate action for declaratory relief against Grange, which is the second case discussed herein.

*A-1 Auto Sales*, naming Grange as the garnishee defendant. Also on September 9, 2016, Foucher filed a request and writ for nonperiodic garnishment in regard to *A-1 Towing*, naming Grange as the garnishee defendant. On September 28, 2016, Grange filed a garnishee disclosure with respect to *A-1 Auto Sales*, claiming that there was no indebtedness because "no coverage exists for this judgment under the insurance policy." Grange did not file a garnishee disclosure in regard to the *A-1 Towing* writ. Despite this failure to file a garnishee disclosure, Foucher took no action.

On June 22, 2017, Foucher once again filed a request and writ for nonperiodic garnishment with respect to *A-1 Towing*, naming Grange as the garnishee defendant. Foucher did not file a garnishment in regard to *A-1 Auto Sales*. On July 18, 2017, Grange filed a garnishee disclosure with respect to *A-1 Auto Sales*, even though the garnishment filed by Foucher concerned *A-1 Towing*. In the garnishee disclosure, Grange claimed that there was no indebtedness because Grange was "not in possession of any sums or property owed to defendant." We note, with significance, that Grange did not simply repeat the reason given in its September 2016 garnishee disclosure for denying indebtedness to *A-1 Auto Sales*, which was that there was no policy of insurance. It is thus clear to this panel that Grange's July 2017 garnishee disclosure was intended to be a response in connection with *A-1 Towing*, which was the party identified in Foucher's garnishment, and that Grange, as it later claimed, simply made an error in listing *A-1 Auto Sales* in the caption of the garnishee disclosure—there was one writ of garnishment and one garnishee disclosure.[3]

On July 27, 2017, Foucher filed a notice of failure to file a garnishee disclosure, asserting that Grange had failed to file a garnishee disclosure within 28 days from the date of service of the writ of garnishment, thereby subjecting Grange to the possibility of default. Although not expressly stated in the notice-of-failure, Foucher later claimed that Grange failed to file a garnishee disclosure in relation to the *A-1 Towing* writ because Grange referred to *A-1 Auto Sales* in the garnishee disclosure caption and not *A-1 Towing*. On August 14, 2017, Foucher filed an amended notice of failure. On August 16, 2017, Grange filed a response to the notice of failure, contending that it had filed a garnishee disclosure on July 18, 2017. Grange attached its July 18, 2017 garnishee disclosure, which had referred to *A-1 Auto Sales*.

On September 1, 2017, a default was entered against Grange for "failure to plead or otherwise defend as provided by law." Foucher, however, failed to serve Grange with a notice that a default had been entered against it, as required by MCR 2.603(A)(2). On September 22, 2017, the trial court entered a default judgment against Grange in the amount of $395,736.19. Foucher did not provide Grange with notice that Foucher had requested entry of the default judgment. See MCR 2.603(B). Grange moved to set aside the default judgment, arguing that the default judgment had to be set aside because of Foucher's failures to comply with the notice requirements of MCR 2.603. Grange also maintained that it had in fact filed a garnishee disclosure, albeit with an incorrect name in the caption, and it contended that it had a meritorious defense because it did not possess property owned by or designated for the A-1 Companies that could be

---

[3] It appears that the template used by Grange to prepare the garnishee disclosure in response to the writ of garnishment concerning *A-1 Auto Sales* in September 2016 was mistakenly reused in preparing the garnishee disclosure in July 2017.

garnished. The A-1 Companies filed a response, arguing that Grange negligently failed to respond to the writ of garnishment related to A-1 Towing and could not establish good cause or a meritorious defense. Following a hearing on the matter, the trial court denied Grange's motion to set aside the default judgment, ruling simply that Grange had not "shown good cause." The court gave no explanation for its ruling and provided no analysis. On January 30, 2018, the trial court entered an order denying Grange's motion to set aside the default judgment. Grange moved for reconsideration, and the trial court later held a hearing on the motion. The full extent of the court's ruling from the bench was that it did not think that error had occurred. On February 20, 2018, the trial court entered an order denying the motion for reconsideration.

In Docket No. 347426, the A-1 Companies filed a complaint against Grange for breach of contract and declaratory relief, contending that A-1 Towing held a commercial automobile insurance policy with Grange and that Grange breached the insurance contract by failing to provide coverage for and defend A-1 Towing.[4] This litigation focused on whether A-1 Towing gave Grange prompt and timely notice of the accident and the lawsuit as mandated by language in the insurance policy. A-1 Towing owner Mohsen El-Hadi claimed that he did not learn of the accident and lawsuit until property was being seized in an attempt to satisfy the default judgment, at which time or shortly thereafter Grange was notified. A-1 Towing also took the position that Grange was not prejudiced by the notification after entry of the default judgment, considering, in part, that had Grange appeared and moved to set aside the default judgment, Foucher would likely have agreed to setting aside the default judgment. This is because a potential future litigated judgment would have been guaranteed collectible from Grange as opposed to trying to collect the default judgment from A-1 Towing.

Grange argued that A-1 Towing knew or became aware of the accident shortly after it occurred and that A-1 Towing received personal service of the summons and Foucher's complaint. Grange also maintained that it was prejudiced by the failure to receive prompt notice of the accident and lawsuit, as required by the insurance policy because it lost the opportunity to properly investigate the accident and to litigate Foucher's claims. Grange contended that there was no certainty or likelihood that Foucher would have agreed to having the default judgment set aside. On Grange's second motion for summary disposition—the first of which was denied to give the parties time to talk and depose Foucher's attorney—the trial court granted the motion, concluding that Grange did not receive prompt notice of the accident or the lawsuit, which notice came more than a year after the accident and after the default judgment was entered. The court rejected A-1 Towing's argument that Mohsen El-Hadi did not learn of the accident and lawsuit until property was being seized to satisfy the default judgment, determining that tow-truck driver and A-1 Towing employee Kassem's knowledge of the accident was imputed to El-Hadi. With respect to prejudice, the trial court ruled:

> Grange did not have the opportunity to investigate liability and damage issues, to inspect the vehicles at issue, to investigate or argue Foucher's claim that

---

[4] Because indisputably there was no insurance policy issued to A-1 Auto Sales, we shall discuss this case only in relation to A-1 Towing. Summary dismissal of any claims by A-1 Auto Sales was appropriate because A-1 Auto Sales had no contract with Grange.

-4-

he suffered a serious impairment of a bodily function, or to negotiate or settle the claim against A-1 Towing. Because A-1 Towing failed to give prompt notice of the claim, which caused Grange significant prejudice, summary disposition in favor of Grange is warranted.

## II.  ANALYSIS

### A.  DOCKET NO. 342478

Grange argues that the trial court erred by refusing to set aside the default and default judgment.  We agree.

"This Court reviews a trial court's ruling on a motion to set aside a default judgment for an abuse of discretion." *Brooks Williamson & Assoc, Inc v Mayflower Constr Co*, 308 Mich App 18, 24-25; 863 NW2d 333 (2014).  "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Souden v Souden*, 303 Mich App 406, 414; 844 NW2d 151 (2013) (quotation marks and citation omitted).  This Court reviews de novo the interpretation of a court rule.  *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008). "When called upon to interpret and apply a court rule, this Court applies the principles that govern statutory interpretation." *Haliw v Sterling Hts*, 471 Mich 700, 704-705; 691 NW2d 753 (2005); see also *Fleet Business Credit, LLC v Krapohl Ford Lincoln Mercury Co*, 274 Mich App 584, 591; 735 NW2d 644 (2007).  "Court rules should be interpreted to effect the intent of the drafter, the Michigan Supreme Court." *Fleet Business*, 274 Mich App at 591. Clear and unambiguous language contained in a court rule must be given its plain meaning and is enforced as written. *Id*.

A "writ of garnishment must have attached or must include a copy of the verified statement requesting issuance of the writ[.]" MCR 3.101(E)(1).[5]  "The garnishee shall file with the court and deliver to the plaintiff and defendant, a verified disclosure within 14 days after being served with the writ." MCR 3.101(H)(1).  "The verified statement acts as the plaintiff's complaint against the garnishee, and the disclosure serves as the answer." MCR 3.101(M)(2).  "If there is a dispute regarding the garnishee's liability or if another person claims an interest in the garnishee's property or obligation, the issue shall be tried in the same manner as other civil actions." MCR 3.101(M)(1). Grange "appeared" in the action by filing garnishee disclosures on September 28, 2016, and July 18, 2017, which served as "answers" to Foucher's "complaints." See MCR 3.101(M)(2); *Brooks Williamson*, 308 Mich App at 27-28.  Despite Grange's appearance, Foucher did not give Grange notice of the default that was entered.  MCR 2.603(A)(2) provides:

> Notice that the default has been entered must be sent to all parties who have appeared and to the defaulted party. If the defaulted party has not appeared, the notice to the defaulted party may be served by personal service, by ordinary first-class mail at his or her last known address or the place of service, or as otherwise directed by the court.

---

[5] MCR 3.101 pertains to garnishment after judgment.

-5-

The notice must be sent by the party who sought entry of the default. Proof of service and a copy of the notice must be filed with the court.

Even had Grange not appeared in the action, it was entitled to notice as the defaulted party. And Foucher certainly knew where to serve Grange with the notice, considering that Foucher had previously served Grange with writs of garnishment and had received garnishee disclosures from Grange. Additionally, Foucher failed to give any notice to Grange of Foucher's request for entry of a default judgment, let alone seven days' notice. MCR 2.603(B)(1). Again, Grange had "appeared in the action," MCR 2.603(B)(1)(a)(i), for purposes of requiring notice of the request for entry of a default judgment. Although Foucher contends that Grange failed to appear because Grange did not file the garnishee disclosure in connection with A-1 Towing, the garnishment proceeding was itself the relevant "civil action[]," MCR 3.101(M)(1), with Foucher as the garnishment plaintiff and Grange as the garnishee defendant. Therefore, regardless of the A-1 Companies and the distinction between A-1 Auto Sales and A-1 Towing, Grange had appeared in the action. And even assuming one had to look to the underlying civil suit by Foucher against the A-1 Companies, Grange became part of that overall action by appearing in the necessarily intertwined garnishment proceedings. When examining Foucher's multiple, inexcusable failures to comply with the notice requirements in MCR 2.603, it is difficult not to conclude that gamesmanship was afoot.

"A motion to set aside a default or a default judgment, except when grounded on lack of jurisdiction over the defendant, shall be granted only if good cause is shown and a statement of facts showing a meritorious defense . . . is filed." MCR 2.603(D)(1). "The good cause requirement . . . may be satisfied by demonstrating a procedural irregularity or defect or a reasonable excuse for failing to comply with the requirements that led to the default judgment." *Brooks Williamson*, 308 Mich App at 25 (quotation marks and citations omitted; ellipses in original). In *Alken-Ziegler, Inc v Waterbury Headers Corp*, 461 Mich 219, 224; 600 NW2d 638 (1999), our Supreme Court stated that the term "good cause," as used in MCR 2.603(D)(1), means:

> (1) A substantial irregularity or defect in the proceeding upon which the default is based.
>
> (2) A reasonable excuse for failure to comply with the requirements that created the default.
>
> (3) Some other reason showing that manifest injustice would result if the default is not set aside.

In *Brooks Williamson*, the panel, after first determining that the defendants had established "good cause" because they did not receive proper notice regarding the request to enter a default judgment, held as follows:

> [W]hen it is shown that that party did not receive notice of the opponent's intent to request a default judgment, the requirement in MCR 2.603(D)(1) that a party must show a meritorious defense to set aside a default judgment results in a denial of the constitutional right to due process. We hold that that portion of the

court rule is unenforceable as applied to a party who has not been provided adequate notice. [*Brooks Williamson*, 308 Mich App at 36.]

Accordingly, in the instant case, Grange was entitled to have the default judgment set aside because Foucher never gave notice to Grange that he requested entry of a default judgment. We additionally conclude that manifest injustice would occur if the default judgment were not set aside.

Furthermore, we agree with Grange that it established good cause to set aside both the default and default judgment because Grange did in fact file a garnishee disclosure in response to Foucher's June 22, 2017 writ of garnishment, albeit with a misnomer in the caption. The clerical error in the caption did not establish grounds for entering a default or a default judgment. As we indicated earlier in this opinion, it is quite evident that Grange's garnishee disclosure was intended as a response to the particular writ of garnishment Foucher filed and served.

Although we need not reach the issue regarding whether Grange has a meritorious defense in light of the notice failures by Foucher, this panel concludes that Grange indeed has a meritorious defense because it has a strong argument that it did not possess property of the A-1 Companies. As an initial matter, Foucher contended multiple times in the trial court that Grange failed to file an affidavit of meritorious defense. Grange, however, attached to its motion to set aside the default judgment the affidavit of Ida Loubier, senior litigation counsel for Grange, who averred that she had reviewed the business records and that as of July 12, 2017, Grange did not control or possess any money or other property of A-1 Towing that could have been used to satisfy the judgment obtained by Foucher.

MCR 3.101(G)(1) sets forth "the various categories of items for which a garnishee is liable," providing, in relevant part, as follows:

(1) Subject to the provisions of the garnishment statute and any setoff permitted by law or these rules, the garnishee is liable for

(a) all tangible or intangible property belonging to the defendant in the garnishee's possession or control when the writ is served on the garnishee, unless the property is represented by a negotiable document of title held by a bona fide purchaser for value other than the defendant;

* * *

(d) all debts, whether or not due, owing by the garnishee to the defendant when the writ is served on the garnishee, except for debts evidenced by negotiable instruments or representing the earnings of the defendant[.]

Whether Grange had possession of any property belonging to A-1 Towing, i.e., insurance benefits owed under the automobile insurance policy, was essentially the issue litigated in the suit brought by the A-1 Companies against Grange. There, the trial court granted summary disposition to Grange, determining that Grange was not obligated to provide coverage to or defend A-1 Towing because A-1 Towing failed to fulfill its contractual obligation to promptly notify Grange of the accident and lawsuit. As we hold below, the trial court did not err in granting summary

disposition in favor of Grange. Accordingly, Grange was not obligated to defend or provide coverage to A-1 Towing; therefore, no insurance benefits were owed to A-1 Towing. Grange did not possess property belonging to A-1 Towing that Foucher could garnish.[6] In sum, Grange has a meritorious defense to Foucher's writ of garnishment.[7] And under the procedural posture of the two cases, there is no need for further litigation regarding the A-1 Towing writ of garnishment Foucher filed because, as a matter of law, no insurance benefits were owed to A-1 Towing.

## II. DOCKET NO. 347426

The A-1 Companies argue that the trial court erred in granting summary disposition in favor of Grange because Grange was provided prompt notice of the accident and lawsuit and was not prejudiced even assuming that there was untimely notice. The parties' arguments parallel those made below and discussed earlier in this opinion.

This Court reviews de novo a ruling on a motion for summary disposition. *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 162; 809 NW2d 553 (2011). "In addition, the proper interpretation of contracts and the legal effect of contractual provisions are questions of law subject to review de novo." *DeFrain v State Farm Mut Auto Ins Co*, 491 Mich 359, 366-367; 817 NW2d 504 (2012). Summary disposition under MCR 2.116(C)(10) is appropriate when, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." A motion brought pursuant to MCR 2.116(C)(10) tests the factual support for a party's action. *Pioneer State Mut Ins Co v Dells*, 301 Mich App 368, 377; 836 NW2d 257 (2013). "A trial court may grant a motion for summary disposition under MCR 2.116(C)(10) if the pleadings, affidavits, and other documentary evidence, when viewed in a light most favorable to the nonmovant, show that there is no genuine issue with respect to any material fact." *Id.* "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). The trial court is not permitted to assess credibility, weigh the evidence, or resolve factual disputes, and if material evidence conflicts, it is not appropriate to grant a motion for summary disposition under MCR 2.116(C)(10). *Pioneer State*, 301 Mich App at 377. A court may only consider substantively admissible evidence actually proffered by the parties. *Maiden v Rozwood*, 461 Mich 109, 121; 597 NW2d 817 (1999). "Like the trial court's inquiry, when an appellate court reviews a motion for summary disposition, it makes all legitimate inferences in

---

[6] Again, A-1 Auto Sales is not pertinent to our discussion because Foucher's 2017 writ of garnishment did not concern A-1 Auto Sales and because there is no dispute that Grange did not issue a policy of insurance to A-1 Auto Sales.

[7] We note that even if the trial court had erred in summarily dismissing the action against Grange brought by the A-1 Companies, Grange would nonetheless have a meritorious defense relative to the garnishment proceedings because its stance that there was a failure to comply with the insurance policy's notice provisions certainly had some level of merit. MCR 2.603(D)(1) calls for a showing of a *meritorious* defense, not a *victorious* defense.

-8-

favor of the nonmoving party." *Skinner v Square D Co*, 445 Mich 153, 162; 516 NW2d 475 (1994).

> An insurance policy is subject to the same contract interpretation principles applicable to any other species of contract. Except when an insurance policy provision violates the law or succumbs to a defense traditionally applicable under general contract law, courts must construe and apply unambiguous contract provisions as written. In ascertaining the meaning of a contract, we give the words used in the contract their plain and ordinary meaning that would be apparent to a reader of the instrument. A court cannot hold an insurance company liable for a risk that it did not assume. When its provisions are capable of conflicting interpretations, an insurance contract is properly considered ambiguous. While we construe the contract in favor of the insured if an ambiguity is found, this does not mean that the plain meaning of a word or phrase should be perverted, or that a word or phrase, the meaning of which is specific and well recognized, should be given some alien construction merely for the purpose of benefitting an insured. [*Pioneer State*, 301 Mich App at 377-378 (quotation marks and citations omitted).]

In this case, the automobile insurance policy that Grange issued to A-1 Towing included a notice provision that stated: "In the event of 'accident', claim, 'suit' or 'loss', 'you' must give 'us' or 'our' authorized representative *prompt notice* of the 'accident' or 'loss'." (Emphasis added.) The insurance policy also prohibited A-1 Towing from incurring a litigation expense without Grange's consent, and the policy required A-1 Towing to "[i]mmediately" send Grange a "summons or legal paper received" in connection with a suit or claim. A provision in a liability insurance policy requiring the insured to give the insurer immediate or prompt notice of an accident or a lawsuit is common, if not universal. *Tenneco, Inc v Amerisure Mut Ins Co*, 281 Mich App 429, 447; 761 NW2d 846 (2008). "The purpose of such provisions is to allow the insurer to make a timely investigation of the accident in order to evaluate claims and to defend against fraudulent, invalid, or excessive claims." *Id.* (quotation marks and citation omitted).

Here, the accident occurred on May 2, 2015. The accident was brought to the attention of tow-truck driver Kassem that same day, as reflected in the traffic crash report. Foucher's lawsuit against the A-1 Companies and others was filed on January 4, 2016. As revealed in an affidavit of service executed by a process server, the summons and complaint were personally served on Abdul El-Hadi "as the Person-In-Charge and authorized to accept service at the within named Corporation [A-1 Towing] in compliance with State Statutes." The personal service was made at A-1 Towing's registered office address in Ferndale. On May 12, 2016, the default judgment was entered against the A-1 Companies. On May 27, 2016, a court officer executed the order to seize property at A-1 Towing's premises. And Mohsen El-Hadi averred in his affidavit that May 27, 2016, was the day he first learned of the accident and lawsuit. On June 1, 2016, counsel for A-1 Towing notified an attorney for Grange about the accident and lawsuit.

Viewing the evidence in a light most favorable to A-1 Towing, we must accept as true Mohsen El-Hadi's assertion that *he* did not know of the accident and lawsuit until May 27, 2016. But this does not mean that knowledge of the accident and lawsuit could not otherwise be attributed

to A-1 Towing. Kassem's knowledge of the accident is imputed to the corporation, A-1 Towing. See *New Props, Inc v George D Newpower, Jr, Inc*, 282 Mich App 120, 134; 762 NW2d 178 (2009) ("When a person representing a corporation is doing a thing which is in connection with and pertinent to that part of the corporation business which he is employed, or authorized or selected to do, then that which is learned or done by that person pursuant thereto is in the knowledge of the corporation."). Furthermore, the affidavit of service indicated that an individual named Abdul El-Hadi accepted service of the summons and complaint on behalf of A-1 Towing. This evidence is not contradicted or challenged by A-1 Towing. We conclude that there is no genuine issue of material fact that A-1 Towing, having knowledge of the accident and lawsuit, did not provide Grange with "prompt" notice of the accident and lawsuit and that A-1 Towing did not "immediately" send the summons and complaint to Grange.

An insurer who seeks to decline responsibility on the basis that its insured failed to comply with a policy provision requiring notice immediately or within a reasonable time must establish actual prejudice to its position. *Tenneco, Inc*, 281 Mich App at 447. On the issue of prejudice, as quoted earlier, the trial court ruled:

> Grange did not have the opportunity to investigate liability and damage issues, to inspect the vehicles at issue, to investigate or argue Foucher's claim that he suffered a serious impairment of a bodily function, or to negotiate or settle the claim against A-1 Towing. Because A-1 Towing failed to give prompt notice of the claim, which caused Grange significant prejudice, summary disposition in favor of Grange is warranted.

In A-1 Towing's brief on appeal, the full argument regarding prejudice is as follows:

> Lastly, Grange alleges that they have been prejudiced, however, the question of prejudice is generally left to the trier of fact. In instances where the facts are so clear that only one conclusion is reasonably possible, prejudice becomes a question of law for the court. Since there remained a question of whether or not Grange has been prejudiced by the alleged delay, then summary disposition was inappropriate and the trial court erred in granting same to Defendant.

A-1 Towing fails entirely to address and challenge the reasons given by the trial court in finding prejudice. Accordingly, A-1 Towing has abandoned this issue on appeal. *Good v Armstrong*, 218 Mich App 1, 7; 554 NW2d 14 (1996). Moreover, given the passage of time, the entry of the default judgment, and the ambiguous testimony of Foucher's attorney regarding how receptive he would have been to setting aside the default judgment by stipulation, we conclude as a matter of law that Grange was prejudiced by the untimely notice by losing the ability to evaluate, negotiate, defend, and settle the suit and to otherwise contest A-1 Towing's liability. *Tenneco, Inc*, 281 Mich App at 449.

In Docket No. 342478, we reverse the trial court's order denying Grange's motion to set aside the default judgment. Grange holds no property subject to garnishment. Having prevailed in the appeal, Grange may tax costs under MCR 7.219. In Docket No. 347426, we affirm the trial

court's order granting summary disposition in favor of Grange.  Having prevailed in the appeal, Grange may tax costs under MCR 7.219.

/s/ Jane E. Markey
/s/ Michael J. Kelly
/s/ Mark T. Boonstra